DOWNEY, Judge.
Appellant was charged in the Circuit Court of Orange County with having committed a felony on February 24, 1975, and he was adjudicated' guilty on December 23, *1298 1975. Subsequently, appellant was adjudicated guilty of a felony in the United States District Court in Massachusetts. That felony was committed on February 4, 1975.
Appellant applied to the Circuit Court of Orange County for bail pending the appeal of his December 23, 1975, conviction. The trial court felt it had no discretion to grant bail in view of Section 903.132(1), Florida Statutes (1976), and Fla.R.Crim.P. 3.691(a). Appellant now seeks review of that order.
Section 903.132(1) provides:
“(1) No person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.”
The pertinent part of the rule is to the same effect.
Both the statute and the rule provide that if a defendant applying for bail pending appeal has been convicted of a felony prior to such petition for bail and that felony was committed prior to the felony the conviction of which he is appealing, he shall be denied bail.
The facts in the case at bar are that appellant at the time he applied for bail pending appeal on July 1, 1977, had previously been convicted of a felony in Federal Court in Massachusetts and that felony was committed prior to the felony the conviction of which appellant is presently appealing. Accordingly the trial court correctly denied appellant’s petition for bail because both the statute and the rule specifically provide that bail shall not be granted in this fact situation.
The order appealed from is affirmed.
ANSTEAD and LETTS, JJ., concur.