SHARP, Judge.
The Petitioner filed a Petition for Writ of Habeas Corpus with this Court. He argues that the trial judge denied him bail under section 903.132, Florida Statutes (1979), and Rule 3.691(a) of the Florida Rules of Criminal Procedure, because of his previous felony conviction, and that as applied to him, the statute and rule are unconstitutional “ex post facto” laws.[1] We disagree.
The Petitioner was found guilty of aggravated assault, false imprisonment, and possession of a firearm by a convicted felon on August 23, 1979. The Petitioner was allowed to post bond pending a pre-sentence investigation, and remain at liberty. Upon motion of the State Attorney, the Petitioner’s bail was revoked. The Petitioner filed an appeal of the conviction and application to set bail, which was denied. The trial judge stated as reasons for his denial the statute and rule cited above and the fact that the Petitioner had been convicted of a felony in 1961 and his civil rights were not restored.
The applicable statute became law in 1969 (amended 1976), and the rule was established in 1973 (amended 1977). Both provide that a person convicted of a non-capital offense may not be allowed bail pending an appeal if such person was previously convicted of a felony and if such person’s civil rights have not been restored. The actions of the Petitioner, which culminated in his 1979 conviction, took place on April 21, 1978. His prior felony conviction occurred in 1961.
The test for whether or not application of the cited rule and statute to the petitioner is unconstitutional because “ex post facto” in effect, depends on whether or not both felony offenses were committed prior to the effective date of the rule and statute.
The statute is not rendered ex post facto by providing enhanced punishments for a subsequent offense because of convictions occurring prior to the passage of the statute.
Cross v. State, 96 Fla. 768, 119 So. 380, 385 (1928). The Cross court quoted 1 Bishop's Criminal Law § 283 (9 Ed.), as the rationale for its decision:
“It has been repeatedly adjudged ‘that the previous commission of crimes may be considered in determining the punishment to be imposed, and in the creation of certain kinds of statutory offenses, without rendering a statute an ex post facto law.’ When both offenses however were committed before, the consequence is otherwise.” (Emphasis added).
Id. at 385.
In this case, the Petitioner was arrested for acts committed in 1978 and was convicted in 1979. The statute and rule cited above were in effect prior to 1978, and under their specific provisions, bail should not have been granted in this fact situation. Loudd v. State, 356 So.2d 1297 (Fla. 4th DCA 1978). Greene v. State, 238 So.2d 296 (Fla.1970), is not applicable because both the felonies involved in that case had been committed before the effective date of the statute sought to be applied.
The Petition for Writ of Habeas Corpus is hereby DENIED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. Art. II, § 3 Fla.Const. (1968); Art. I, § 10 U.S.Const.