SEBRING, Justice.
This Court is asked to review an order of the trial court denying bail to the defendant in a criminal cause pending the determination of an appeal taken by him from the judgment and sentence.
The facts of the case are simple. The defendant below was tried before the trial judge without the intervention of a jury and was found guilty of the offense of crime against nature. Thereafter, the defendant appealed and then applied to the trial court for an appeal bond pending the review of the judgment and sentence. The application was denied by the trial judge for the following reasons:
“The Court will admit, and the showing has already been made by Mr. Floyd that he is a resident, he teaches music, that he is an organist in the church, and all the best members including the minister have been here and testified as to his excellent reputation; and in addition to that several prominent people including the attorney, one of whom is Mr. Paul Helliway, all of whom testified in his behalf, all of which is a matter of record in this court so there would be no sense in bringing them back into court. I have no objection to your applying to the Supreme Court, and it would not make any difference. But since the Supreme Court has said it is discretionary with this Court to set a supersedeas, to grant it or not, and since this Court is attempting to break up this type of offense on public property, that is my reason. It is not a personal reason, either for the attorney or the defendant.” (Emphasis supplied.)
The question for decision is whether, on the reasons given, the denial of the appeal bond was proper.
The law is settled in this jurisdiction that the matter of granting bail after conviction rests in the discretion of the trial court. Stalnaker v. State, 126 Fla. 407, 171 So. 226; Gray v. State, Fla., 54 So.2d 436. But just as in all other cases al *780 lowing the exercise of judicial discretion, the .discretion used must be a sound-.discretion by which is meant that “the adjudication is to be governed by a given standard of judicial action,” In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 838, and such discretion implies “judgment directed by circumspection,” to be exercised in the light, of the facts and circumstances of each -particular case. Towle v. State ex rel. Fisher, 3 Fla. 202, 214; Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441, 447.
In the present case there is not the ■slightest indication that the trial court refused the defendant’s application' for bail because of the lack of facts at hand upon which to exercise a sound judicial discretion. Indeed, all of the evidence in the case is to' the effect that while the facts were put before the trial judge for his consideration he refused to consider them and denied the application “not [for] a personal reason, either for the attorney or the defendant” but because he, the trial judge, was “attempting to break up this type of offense on public property.”
While the desire of the trial judge “to break up this type of offense on public property” is certainly to be commended, we can find no sound justification for permitting such a desire to override the lawful right of a particular defendant to a consideration of his application for bail upon its individual merit.
Accordingly, we are of the opinion that the order brought here for review must be set. aside with directions that the application for bail be considered by the trial court in accordance with the views expressed herein.
It is so ordered.
MATHEWS, C. J., and TERRELL and ROBERTS, JJ., concur.