238 So.2d 296 (1970)
Perry Furn GREENE, III and Junior Cleveland Richburg, Appellants,
v.
STATE of Florida, Appellee.
No. 39453.
Supreme Court of Florida.
July 30, 1970.
*297 Henry Clay Mitchell, Jr., Pensacola, and Brooks Taylor, Crestview, for appellants.
Earl Faircloth, Atty. Gen., and Horace A. Knowlton, Asst. Atty. Gen., for appellee.

ON MOTION TO REVIEW ORDER DENYING BAIL PENDING APPEAL
DREW, Justice.
Defendants Richburg and Greene were found and adjudicated guilty of possessing burglary tools and of attempting to break and enter an automobile with intent to commit a misdemeanor, for which offenses each was sentenced to consecutive terms of three and five years in the state prison.
*298 Defendants' motions to set bail pending prosecution of their appeals in the district court of appeal were orally denied by the trial court. They then filed in the district court a consolidated Motion Requesting Review of Order Denying Bail Pending Appeal. The district court in accordance with Florida Appellate Rules 2.1(a) (5) (a) and 2.1(a) (5) (d), 32 F.S.A. properly transferred the motion to this Court for consideration. After we relinquished the cause to the trial court for the purpose of stating more particularly the grounds for denying defendants' bail pending appeal,[1] the trial court entered its written order reading in part as follows:
"1. That the defendants are denied bail pending appeal by reason of Section 903.131, Florida Statutes [F.S.A.], (Chapter 69-307, Laws of Florida), [now codified as § 903.132 in the Official Florida Statutes, 1969] both defendants having previously been convicted of a felony.
"2. That said statute is constitutional under both the Florida and United States Constitutions, the Court being of the view that it is procedural."
We have jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A., because the trial court passed upon the constitutionality of a state statute.
Defendants committed the offenses on April 26, 1969, and the informations were filed against them in August of 1969, before the effective date of Section 903.131 on September 1, 1969. Defendants argue that the statute relied upon violates the Florida and United States constitutional prohibition against ex post facto laws and against laws denying equal protection; that it violates the separation of powers clause in Article II, Section 3 of the Florida Constitution  1968 Revision; and that it offends the Eighth Amendment to the United States Constitution forbidding excessive bail requirements. The statute under attack appears as follows:
"No person may be admitted to bail upon appeal from a conviction of a felony if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored. Section 2. This act shall take effect September 1, 1969." [Fla. Stat. § 903.131, F.S.A.]
Article I, Section 14 of the Florida Constitution  1968 Revision, guarantees each accused person release on reasonable bail unless the accused is charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great. This guarantee is now expressly limited to the time prior to adjudication of guilt.[2]
Release on bail pending appeal or review of the conviction by a higher court is not an absolute right guaranteed by the Florida Constitution but normally rests within the sound discretion of the trial court.[3] An abuse of that discretion is subject to review and correction.[4] Virtually all jurisdictions with constitutional provisions guaranteeing a right to release on bail, whether or not expressly restricted to release before conviction, have held *299 that this constitutional right does not continue subsequent to the conviction.[5]
Our federal courts generally agree that although the concept of release on reasonable bail after conviction is basic and fundamental to our legal system, it is not an absolute right constitutionally guaranteed by the Eighth Amendment to the United States Constitution.[6] Even those federal courts that have expressly held or assumed, arguendo, that the bail provision of the Eighth Amendment to the United States Constitution applies directly to state action, have recognized that a state may constitutionally by statute or exercise of judicial discretion grant release on bail in some cases and deny it in others, as long as the state acts reasonably and not arbitrarily or discriminatorily.[7]
It is obvious that the statute complained of rests upon, among other grounds, the known propensity of an habitual offender to continue a pattern of criminal activity of a serious nature. Denial of his release on bail after conviction pending appeal because of the likelihood that he will be a poor bail risk cannot be said to be an arbitrary or unreasonable action on the part of the state. The statute does not contravene the Eighth Amendment to the United States Constitution.
Defendants' argument that the statute is unconstitutional under Article II, Section 3 of the Florida Constitution  1968 Revision[8] because it represents a legislative encroachment upon the powers of the judiciary is without merit. Historically the trial court has exercised wide discretion in determining the severity of punishment meted out to the convicted criminal. Yet the limits of this discretion are altered whenever the Legislature increases or decreases the minimum or maximum fine or imprisonment allowable for a given offense. The Legislature long ago preempted judicial discretion when it set mandatory death or life imprisonment punishments for rape and murder in the first degree.[9] The Legislature has gone no further in passing the statute here attacked. Section 903.131 does not suffer the infirmity of violating the separation of powers doctrine.
The argument that the statute contravenes equal protection rights guaranteed by the Florida[10] and Federal[11] Constitutions *300 was rejected by this Court and the Supreme Court of the United States in considering the similar effect of habitual offender acts,[12] and is without merit.
Defendants' final contention is that Section 903.131 is ex post facto in its effect upon these defendants, and therefore invalid as to them under Article I, Section 10 of the Florida Constitution  1968 Revision,[13] and Article I, Section 10 of the United States Constitution.[14] We agree.
In Cross v. State[15] and Washington v. Mayo,[16] we decided that the habitual offender statutes[17] were not rendered ex post facto in effect by providing enhanced punishment for a subsequent offense because of convictions occurring prior to passage of the statutes. Although the rationale behind passage of Section 903.132 no doubt differs in some respects from that underlying the habitual offender act, the practical effect of each act  an additional "punishment" because of past offenses  is analogous, and we treat the two acts alike for purposes of determining whether the statute is ex post facto in effect.
Neither the habitual offender act nor Section 903.132 is in any sense retroactive. Each is designed to be prospective in operation, imposing enhanced punishment or consequences on future crimes committed after enactment of the legislation. As we said in Cross v. State[18]:
"[T]he increased severity of the punishment for the second or subsequent offense is not a punishment of the person a second time for his former offenses but is a more severe punishment for the *301 last offense, the commission of which is a manifestation of a criminal habit which may be taken into account in determining the adequacy of punishment to be imposed upon habitual offenders for offenses committed subsequent to the enactment of the statute. But for the commission of the subsequent offense, the enhanced penalty would not be imposed."
However in the case of these defendants, both felonies were committed before the statute's effective date. Each was convicted of a second felony after the effective date of the statute. Although both Section 903.132 and the habitual offender act depend upon conviction of the second or subsequent offense, as we noted in Cross, supra, the significant event as far as judging the ex post facto effect is the date of the offense rather than the conviction. Denial of defendants' release on bail pending appeal attached to offenses that were committed prior to the effective date of the statute. Under these circumstances, the statute as applied to these defendants is:[19]
"`One which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences, alters the situation of a party to his disadvantage.'"
As to these defendants Section 903.132, Florida Statutes, F.S.A., was ex post facto in effect and should not have been relied upon in denying release on bail pending appeal. The Motion to Review Order Denying Bail Pending Appeal is granted, the order of the trial court denying bail pursuant to Section 903.131 is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, ADKINS and BOYD, JJ., concur.
ERVIN, C.J., concurs specially with opinion.
ERVIN, Chief Justice (concurring specially).
Since the question of the validity of F.S. Section 903.132, F.S.A. as applied to these petitioners has been rendered moot by virtue of the decision of the District Court of Appeal, First District, affirming the judgments of conviction so that the relief requested in the form of bail pending appeal can no longer be made available and effective, it seems to me the better practice would dictate a dismissal of this case. See DuBose v. Meister, 92 Fla. 995, 110 So. 546 (1943); McCormick v. Bond, 75 Fla. 819, 78 So. 681 (1918); Barrs v. Peacock, 65 Fla. 12, 61 So. 118 (1913).
Although this Court has in the past indicated it will retain jurisdiction to determine mooted issues where questions presented are of general public interest and importance (see Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961); Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943), I do not think there exists sufficient public necessity in the instant case to justify an exception where, as here, a determination at this juncture of the questions presented advisorily answers important constitutional issues concerning the validity vel non of the statute (L. Maxcy, Inc. v. Mayo, 103 Fla. 552, 139 So. 121; Rorick v. Stilwell, 101 Fla. 4, 133 So. 609) which might better be resolved in a future adversary proceeding where the circumstances and the merits can still be considered. The statute poses serious questions relating to whether the Legislature can fetter the exercise of judicial discretion in the matter of allowing bail on appeal after conviction.
*302 In the matters of allowing bail and fixing sentences, individualized judicial determinations may be more constitutionally appropriate and reasonable than inflexible statutory prescriptions. See discussion concerning the subject in Davis v. State (Fla.), 123 So.2d 703, text 711, and Perkins v. State (Fla.), 228 So.2d 382, text 394, 395.
Despite my preference for dismissal of the instant case on the grounds above stated, so far as concerns the decision on the merits, I concur in the judgment only to the extent it holds Section 903.132 an ex post facto enactment as sought to be applied to these petitioners. I would pretermit the questions concerning the constitutionality vel non of the statute until another day.
NOTES
[1] Greene v. State, 233 So.2d 387 (Fla. 1970).
[2] "Bail  Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great." Fla. Const. art. I, § 14 (1968 Revision). See Younghans v. State, 90 So.2d 308 (Fla. 1956) and Stalnaker v. State, 126 Fla. 407, 171 So. 226 (1936).
[3] Younghans v. State, 90 So.2d 308 (Fla. 1956).
[4] Floyd v. State, 79 So.2d 778 (Fla. 1955).
[5] See cases listed in Annots., 19 A.L.R. 807 (1922), 77 A.L.R. 1235 (1932), and 45 A.L.R. 458 (1926).
[6] See, e.g., Bowman v. United States, 85 S.Ct. 232, 13 L.Ed.2d 171 (1964); Sellers v. Georgia, 374 F.2d 84 (5th Cir.1967); United States ex rel. Fink v. Heyd, 408 F.2d 7 (5th Cir.1969); United States ex rel. Klein v. Deegan, 290 F. Supp. 66 (D.C.N.Y. 1968). See also Federal Rule of Criminal Procedure 46 (a) (2), expressly regulating release on bail pending appeal in the federal courts.
[7] See, e.g., Rehman v. California, 85 S.Ct. 8, 13 L.Ed.2d 17 (1964) (Douglas, J.); Alcorcha v. California, 86 S.Ct. 1359, 16 L.Ed.2d 435 (1966) (Douglas, J.); Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45 (8th Cir.1963); United States ex rel. Fink v. Heyd, 287 F. Supp. 716 (E.D.La. 1968), affirmed, 408 F.2d 7 (5th Cir.1969); United States ex rel. Smith v. Prasse, 277 F. Supp. 391 (D.C.Pa. 1967).
[8] "Branches of government  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Fla. Const. art. II, § 3 (1968 Revision).
[9] See Fla. Stat. §§ 794.01, 782.04 and 919.23 (1969), F.S.A.
[10] "Basic rights  All natural persons are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property; except that the ownership, inheritance, disposition and possession of real property by aliens ineligible for citizenship may be regulated or prohibited by law. No person shall be deprived of any right because of race or religion." Fla. Const. art. I, § 2 (1968 Revision).
[11] U.S.Const. Amend. XIV, § 1: "No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."
[12] Cross v. State, 96 Fla. 768, 119 So. 380 (1928); McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901).
[13] "Prohibited laws  No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed." Fla. Const. art. I, § 10 (1968 Revision).
[14] "No state shall * * * pass any * * * ex post facto Law. * * *" U.S.Const. art. I, § 10.
[15] 96 Fla. 768, 119 So. 380 (1928).
[16] 91 So.2d 621 (Fla. 1956).
[17] Fla. Stat. § 775.09, F.S.A.:

"Punishment for second conviction of felony.  A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction. If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for life or for a term of years, in the alternative, then such person must be sentenced to imprisonment for life or for any number of years not less than twenty years."
Fla. Stat. § 775.10, F.S.A.:
"Punishment for fourth conviction of felony.  A person who, after having been three times convicted within this state of felonies or attempts to commit felonies, or under the law of any other state, government or country of crimes which, if committed within this state, would be felonious, commits a felony within this state shall be sentenced upon conviction of such fourth or subsequent offense to imprisonment in the state prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section."
Fla. Stat. § 775.11 (1969), F.S.A.
[18] 96 Fla. 768, 782, 119 So. 380, 385 (1928).
[19] Higginbotham v. State, 88 Fla. 26, 31, 101 So. 233, 235 (1924).