300 So.2d 269 (1974)
Earl R. BAMBER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-764.
District Court of Appeal of Florida, Second District.
August 2, 1974.
Rehearing Denied September 6, 1974.
B. Larry Smith and Hallard R. Greer, St. Petersburg, for Appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.

ON MOTION TO REVIEW ORDER DENYING BAIL PENDING APEAL
PER CURIAM.
Upon being convicted of a felony, and after having filed a notice of appeal therefrom, appellant moved for the setting of bail pending the appeal. The trial judge denied said motion saying:
"ORDERED AND ADJUDGED that the defendant's Motion is hereby denied pursuant to Florida Statute 903.132."
Section 903.132, F.S.A. 1974, provides as follows:
"Bail on appeal; prohibited after second or subsequent felony conviction.  No person may be admitted to bail upon appeal from a conviction of a felony if such person has previously been convicted of a felony, the commission of which *270 occurred prior to the commission of the subsequent felony... ." (Emphasis ours).
From the sparse record before us we cannot determine what, if any, proceeding the trial court conducted to determine whether appellant had previously been convicted of a felony. In any case, appellant does not deny that the instant felony conviction is a second or subsequent felony conviction, so for purposes hereof we will assume the situation contemplated by the statute.
The point is whether Section 903.132, supra, is mandatory or whether the denial of bail pending appeal is discretionary with the court limited only by the discipline of Younghans v. State[1] in which it was held that the court must, before denying bail pending appeal, make certain findings based on competent evidence.[2] This brings the statute in apparent conflict with Rule 3.691(a), CrPR,[3] which provides, in material part, that
"... a person may be denied bail upon appeal from conviction of a felony if such person had previously been convicted of a felony... ." (Emphasis ours.)
The state contends that entitlement to bail is a substantive matter, and thus within the purview of legislative enactment,[4] while appellant contends that it is a procedural matter amenable to court rule.[5]
We believe that our decision is controlled by the recent case of Bernhardt v. State[6] in which the Supreme Court appears to have impliedly overruled Palladino and Greene, insofar as they hold that the legislature may enact laws concerning the right to bail. While Bernhardt dealt with a different statute than the one involved in the instant case, the language of the opinion clearly states that the legislature cannot deprive the court of its discretion to determine whether bail should be granted pursuant to a rule of criminal procedure.
Accordingly, the order denying bail is reversed and the matter is hereby remanded for a hearing according to the principle of Younghans v. State, supra.
MANN, C.J., and GRIMES, J., concur.
McNULTY, J., dissents with opinion.
McNULTY, Judge (dissenting):
I must dissent. I do not consider Bernhardt, or anything said therein, as controlling. There the court was concerned with entirely different statutory provisions and with an entirely different rule than those here. Indeed, I would agree that the sections considered in Bernhardt, which were concerned with proceedings in probation or parole revocation matters, are essentially procedural and thus amenable to Supreme Court rule which, under the constitution, pre-empts legislation. I would further agree that the incidental provision of those statutes relating to no bail, although in my view a substantive matter, does not change their essential character from matters or procedure to matters substantive. Accordingly, I have no quarrel with Bernhardt.
Here, however, we are dealing strictly with a statute the single subject of which relates to entitlement to bail. This is a substantive matter and not procedural. *271 Therefore, I would think the rationale underlying the Supreme Court's decisions in Palladino v. Turner, supra, and in Greene v. State, supra, which consider the specific statute now before us, would require a denial of the motion.
NOTES
[1] (Fla. 1956) 90 So.2d 308.
[2] See also, Rules 3.691, CrPR, and 6.15, F.A.R.
[3] Which is, in substance, consistent with a corresponding appellate rule, to wit: Rule 6.15, F.A.R.
[4] See, Palladino v. Turner (Fla. 1972) 263 So.2d 206, and Greene v. State (Fla. 1970) 238 So.2d 296. See also, Ex parte Hyde (1939) 140 Fla. 494, 192 So. 159.
[5] See, Art. V, Sec. 2(a), Florida Constitution.
[6] (Fla. 1974) 288 So.2d 490.