349 So.2d 150 (1977)
STATE of Florida, Appellant,
v.
GALE DISTRIBUTORS, INC., Appellee.
No. 49297.
Supreme Court of Florida.
March 24, 1977.
Rehearing Denied May 31, 1977.
*151 Robert L. Shevin, Atty. Gen., and Harry M. Hipler and Charles W. Musgrove, Asst. Attys. Gen., for appellant.
Leo Greenfield, Law Offices of Leo Greenfield, Miami, for appellee.
KARL, Justice.
We have for review by direct appeal the order of the County Court in and for Broward County dismissing the information against appellee and finding Section 543.041(2), Florida Statutes, unconstitutionally vague and violative of the prohibition against ex post facto legislation, thereby vesting jurisdiction in this court pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellee was charged by amended information with five counts of sale of sound on tape without the owner's consent, in violation of Section 543.041(2)(b), in that he did knowingly and willfully and without the consent of the owner, RCA Corporation, a Delaware Corporation, authorized to do business in the State of Florida, sell sounds recorded on tapes, the titles of which are expressly designated in the information, the appellee well knowing that said sounds had been transferred without the consent of *152 said owner. Appellee moved to dismiss the information and alleged, inter alia, that Section 543.041(2) is invalid and unconstitutional as violative of the Supremacy Clause of the federal constitution in that it directly conflicts with the federal copyright laws.
In his order dismissing the information, the trial judge set out the State's concessions in the cause relative to application of the Supremacy Clause as follows:
"The State concedes that federal legislation under Title 17, Sec. 101, United States Code (the copyright Act of 1909), as amended on February 15, 1972, Title 17, Sec. 101(e), United States Code (sometimes referred to as Public Law 92-140) protects sound recording of musical performances fixed on a magnetic recording tape or phonograph record subsequent to said date of amendment (February 15, 1972). The State concedes that any such recording fixed subsequent to February 15, 1972, is not subject to the provisions of F.S. 543.041 inasmuch as a State law must yield to federal legislation under and pursuant to Article VI, Section 2 of the Constitution of the United States (Supremacy Clause). Such sound recordings fixed prior to February 12, 1972, would not be subject to federal protection under the abovementioned federal statute." (Emphasis supplied.)
The trial judge then found Section 543.041(2), Florida Statutes, unconstitutionally vague and indefinite, in that the act does not make it clear whether all the elements of subsection (2)(a) must be proven to sustain a conviction under subsection (2)(b), and unconstitutional and void as ex post facto legislation since, he determined, it was the intent of the statute to prohibit sales of sounds transferred before or after October 1, 1971, the effective date of said section.
Section 543.041(2), Florida Statutes, provides:
"(2) It is unlawful:
"(a) Knowingly and willfully and without the consent of the owner, to transfer or cause to be transferred any sounds recorded on a phonograph record, disc, wire, tape, film, or other article on which sounds are recorded, with the intent to sell or cause to be sold for profit such article on which sounds are so transferred.
"(b) To sell any such article with the knowledge that the sounds thereon have been so transferred without the consent of the owner." (Emphasis supplied.)
Initially, we find that Section 543.041, when applied to sound recordings fixed before February 15, 1972, the effective date of Public Law 92-140, an act amending Title 17 of the United States Code, does not conflict with Article I, Section 8, Clause 8, of the Constitution of the United States, the "Copyright Clause," and federal statutes enacted thereunder.
Public Law 92-140, granting federal copyright protection to sound recordings, contains an express provision to the effect that:
"The provisions of title 17, United States Code, as amended by section 1 of this Act shall apply only to sound recordings fixed, published, and copyrighted on and after the effective date of this Act and before January 1, 1975, and nothing in title 17, United States Code, as amended by section 1 of this Act, shall be applied retroactively or be construed as affecting in any way any rights with respect to sound recordings fixed before the effective date of this Act."[1] (Emphasis supplied.)
Considering the constitutionality vel non of a California "tape piracy" statute (insofar as it applies to recordings fixed prior to the effective date of Public Law 92-140), similar to the Florida statute in question, against the challenge that it conflicted with Article 1, Section 8, Clause 8, and the federal copyright laws, the Supreme Court of the United States, in Goldstein v. California, *153 412 U.S. 546, 93 S.Ct. 2303, 37 L.Ed.2d 163 (1973), concluded:
"In sum, we have shown that § 653h does not conflict with the federal copyright statute enacted by Congress in 1909. Similarly, no conflict exists between the federal copyright statute passed in 1971 and the present application of § 653h, since California charged petitioners only with copying recordings fixed prior to February 15, 1972. Finally, we have concluded that our decisions in Sears, [Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661] and Compco, [Corp. v. Day-Brite Lighting, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669], which we reaffirm today, have no application in the present case, since Congress has indicated neither that it wishes to protect, nor to free from protection, recordings of musical performances fixed prior to February 15, 1972.

"We conclude that the State of California has exercised a power which it retained under the Constitution, and that the challenged statute, as applied in this case, does not intrude into an area which Congress has, up to now, pre-empted. Until and unless Congress takes further action with respect to recordings fixed prior to February 15, 1972, the California statute may be enforced against acts of piracy such as those which occurred in the present case." (Emphasis supplied.)
Therein, the Supreme Court explained:
"As we have seen, the language of the Constitution neither explicitly precludes the States from granting copyrights nor grants such authority exclusively to the Federal Government. The subject matter to which the copyright clause is addressed may at times be of purely local concern. No conflict will necessarily arise from a lack of uniform state regulation, nor will the interest of one State be significantly prejudiced by the actions of another. No reason exists why Congress must take affirmative action either to authorize protection of all categories of writings or to free them from all restraint. We therefore conclude that, under the Constitution, the States have not relinquished all power to grant to authors `the exclusive Right to their respective Writings.'" Goldstein v. Cal., supra, at 560, 93 S.Ct. at 2311.
Since we find no violation of the Supremacy Clause of the Constitution of the United States so long as the act is construed to apply to recordings "fixed" before February 15, 1972, we have for disposition the challenge of vagueness against the constitutionality vel non of Section 543.041(2)(b). This court is committed to the proposition that it has a duty, if reasonably possible and consistent with constitutional rights, to resolve all doubts as to the validity of a statute in favor of its constitutionality and to construe it so as not to conflict with the Constitution. Hancock v. Sapp, 225 So.2d 411 (Fla. 1969), Rich v. Ryals, 212 So.2d 641 (Fla. 1968). Furthermore, it is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole. From a view of the whole law in pari materia, the Court will determine legislative intent. Florida Jai Alai, Inc. v. Lake Howell Water and Reclamation Dist., 274 So.2d 522 (Fla. 1973), Wilensky v. Fields, 267 So.2d 1 (Fla. 1972), State v. Hayles, 240 So.2d 1 (Fla. 1970), In Re: Opinion to the Governor, 60 So.2d 321 (Fla. 1952), Heriot v. City of Pensacola, 108 Fla. 480, 146 So. 654 (1933).
First, we determine, from an analysis of the act in question, that it is clear that the Legislature intended to set out two separate offenses, that of transferring and that of selling. Secondly, reading the statute as a whole and giving effect to all of its provisions, for purposes of determining what articles are prohibited from being sold, subsection (b) incorporates by reference the elements of subsection (a). Subsection (b) provides that it is unlawful "to sell any such article with the knowledge that the sounds thereon have been so transferred without the consent of the owner." (Emphasis supplied.) "So transferred," in *154 subsection (2)(b), means that anybody found guilty under subsection (2)(b) must have knowledge of all the essential elements of the crime charged in subsection (2)(a) of Section 543.041, Florida Statutes. Although we do not agree with the trial court that Section 543.041(2)(b) is unconstitutionally vague, we do find that the following interpretation of the statute by the trial court specifying the elements necessary to be proven for a violation of said section is accurate:
"It is not sufficient that the State prove that the Defendant made a sale of 8-track tape cartridges containing sound recordings of musical performances, knowing that they were `transferred without the consent of the owner;' that the sale occurred within the venue of this Court; that the sale occurred after the effective date of F.S. 543.041 (i.e. October 1, 1971); that the sounds were fixed prior to February 15, 1972. In order to sustain a conviction under subsection (2)(b) the State must also prove that the Defendant knew that the tapes were `so transferred' as specified in (2)(a); that is that the Defendant had knowledge of all of the following additional elements: The person transferring the sounds knew at the time of transfer that there was no consent by the owner; that the person transferring the sound had the intent at the time of the transfer to `sell or cause to be sold for profit such articles on which sounds are so transferred;' that the transfer occurred in the State of Florida; ... ."
Subsection (b) of the statute prohibits sale after October 1, 1971, of that article described in subsection (a), fixed before February 15, 1972, whether the sounds were transferred before or after October 1, 1971.
With the foregoing construction, we find that Section 543.041, Florida Statutes, is not unconstitutionally vague since it conveys a sufficiently definite warning to those subject to its provisions what conduct on their part will render them liable to its penalties. Cf. Zachary v. State, 269 So.2d 669 (Fla. 1972), Brock v. Hardie, 114 Fla. 670, 154 So. 690 (Fla. 1934).
Finally, we conclude that the statutory provision in question does not constitute ex post facto legislation. A law is ex post facto when applied to offenses occurring before the law becomes effective. Wilson v. State, 288 So.2d 480 (Fla. 1974), Rhodes v. State, 283 So.2d 351 (Fla. 1973), Wilensky v. Fields, supra, Greene v. State, 238 So.2d 296 (Fla. 1970).[2]
"The definition of an ex post facto law now universally adopted in this country is: `One which, in its operation, makes that criminal which was not so at the time the action was performed; or which increases the punishment, or, in short, which in relation to the offense or its consequences, alters the situation of a party to his disadvantage.' ..."
Higginbotham v. State, 88 Fla. 26, 31, 101 So. 233, 235 (1924), Greene, et al. v. State, supra. The activity proscribed by subsection (b) is the sale of the certain described articles after October 1, 1971. The reference back to subsection (a) by subsection (b) for purposes of what constitutes the articles that are proscribed from being sold by subsection (b) is a reference to the description of those articles rather than the separately chargeable criminal activity of transferring.
Having concluded that Section 543.041(2)(b), Florida Statutes, is constitutional, we further find that the amended information charging violation of said section was insufficient to charge the offense intended since it does not contain the essential elements thereof as above described.
Accordingly, we hold that Section 543.041(2)(b) is constitutional, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Public Law 93-573, amended Public Law 92-140, 85 Stat. 391, by striking "and before January 1, 1975."
[2] Same as Greene v. State, 238 So.2d 296.