405 So.2d 1048 (1981)
Robert John HART and Charles Ray Hewitt, Appellants,
v.
STATE of Florida, Appellee.
No. 81-1231.
District Court of Appeal of Florida, Fourth District.
November 12, 1981.
*1049 Alan Jay Braverman of Law Offices of Alan Jay Braverman, P.A., for appellant Hewitt.
Jeffrey Mark Harris, Fort Lauderdale, for appellant Hart.
Jim Smith, Atty. Gen., Tallahassee, Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION TO REVIEW ORDER DENYING BAIL
ANSTEAD, Judge.
Petitioners Charles Ray Hewitt and Robert John Hart were convicted of trafficking in cannabis in violation of Section 893.135(1)(a). Florida Statutes (1979). In accordance with the provisions of Section 903.133, Florida Statutes (1980), the judge refused to set bail after petitioners were sentenced.
At issue is the constitutionality of Section 903.133, which prohibits bail pending appellate review to all persons adjudged guilty of drug trafficking in violation of Sections 893.13 and 893.135, Florida Statutes (1979). Specifically, petitioners contend Section 903.133 conflicts with the provisions of Florida Rules of Criminal Procedure 3.130(a) and 3.691(a) and encroaches upon the rulemaking authority granted to the Florida Supreme Court under Article V, Section 2(a) of the Florida Constitution which provides:
SECTION 2. Administration; practice and procedure. 
(a) The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature.
It is axiomatic, of course, that the rulemaking power granted to the Florida Supreme Court under Article V, Section 2(a) is limited to the promulgation of rules of "procedure"; the prescription of "substantive" law is said to be the exclusive prerogative of the Legislature. State v. Garcia, 229 So.2d 236 (Fla. 1969). As stated in Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975):
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions. See In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973); In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla.) amended 272 So.2d 513 (Fla. 1973).
"As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by *1050 which one who violates a criminal statute is punished." State v. Garcia, at 238. However, "in some instances it is difficult to determine whether a rule relates to a matter that is substantive or a matter that is procedural." Id. The Florida Supreme Court has itself experienced this difficulty; in Benyard v. Wainwright, the court conceded that its own Florida Rule of Criminal Procedure 3.722, by providing that defendants convicted of two or more crimes were presumed to have been sentenced concurrently unless the trial judge specified differently, was substantive law and hence invalid since it conflicted with Section 921.16, Florida Statutes, which specified that defendants in such situations were presumed to have been sentenced consecutively.
In the present case we must determine whether Florida Rules of Criminal Procedure 3.130(a)[1] and 3.691(a),[2] which provide for the discretionary post-trial release of defendants whose convictions were not for capital offenses and who do not have any previous felony convictions, should prevail over Section 903.133, Florida Statutes, which provides that defendants who are convicted of first degree felony violations of Sections 893.13 and 893.135 shall not be entitled to post-trial release under any circumstances.
Although Section 903.133, Florida Statutes, was not adopted by the legislature until 1980, a statute having a similar effect, Section 903.131, later 903.132, was passed by the legislature in 1969. In its original form, Section 903.131 prohibited bail on appeal to a convicted felon who had "previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights had not been restored." In Greene v. State, 238 So.2d 296 (Fla. 1970), the Supreme Court upheld the constitutionality of Section 903.131 upon an attack similar to the one raised here:
Defendants' argument that the statute is unconstitutional under Article II, Section 3 of the Florida Constitution  in 1968 Revision because it represents a legislative encroachment upon the powers of the judiciary is without merit. Historically the trial court has exercised wide discretion in determining the severity of punishment meted out to the convicted criminal. Yet the limits of this discretion are altered whenever the Legislature increases or decreases the minimum or maximum fine or imprisonment allowable for a given offense. The Legislature long ago preempted judicial discretion when it set mandatory death or life imprisonment punishments for rape and murder in the first degree. The Legislature has gone no further in passing the statute here attacked. Section 903.131 does not suffer the infirmity of violating the separation of powers doctrine. (Footnotes omitted).
238 So.2d at 299. The statute, by then numbered Section 903.132, was again upheld in Palladino v. Turner, 263 So.2d 206 (Fla. 1972).
*1051 Later in 1972, the Florida Supreme Court promulgated Florida Rule of Criminal Procedure 3.691. In Re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972). Rule 3.691 (and Rule 3.130(a)) appeared to be in conflict with Section 903.132 insofar as the rule made the denial of bail on appeal to convicts with prior felony convictions whose civil rights have not been restored discretionary, whereas the statute made the denial of bail to such individuals mandatory. In 1974 the Second District Court of Appeal acknowledged this conflict and held that "the legislature cannot deprive the court of its discretion to determine whether bail should be granted pursuant to a rule of criminal procedure." Bamber v. State, 300 So.2d 269, 270 (Fla. 2d DCA 1974). Accord, Rolle v. State, 314 So.2d 624 (Fla. 1st DCA 1975), cert. den., 334 So.2d 608 (Fla. 1976). In determining that the entitlement to bail on appeal was a procedural matter, the Bamber and Rolle courts relied on inferences drawn from the Florida Supreme Court's earlier decision in Bernhardt v. State, 288 So.2d 490 (Fla. 1974), in which it was held that, "insofar as (Florida Statute) § 949.10 purports to deprive the court of its discretion in determining whether bail should be granted (to a probationer subsequently arrested on a felony charge), this portion of the statute is superseded by Rule 3.790, Fla.Cr.P.R." 288 So.2d 497.[3]
The legislature reacted to the Bamber decision by enacting an amendment to Section 903.132 which specifically provided not only for the denial of bail on appeal to previously convicted felons but also provided:
Section 2. Rules 3.130(a) and 3.691(a), Florida Rules of Criminal Procedure, are hereby repealed insofar as they are inconsistent with the provisions of s. 903.132, Florida Statutes, as amended by section 1 of this act.
Section 3. This act shall take effect upon becoming a law, except that section 2 shall take effect only if passed by a two-thirds vote of the membership of each house of the Legislature.
In The Florida Bar Re Florida Rules of Criminal Procedure, 343 So.2d 1247 (Fla. 1977), the Florida Supreme Court amended both Rules 3.691 and 3.130(a) to conform to to the legislature's revision of Section 903.132.
In Gallie v. Wainwright, 362 So.2d 936 (Fla. 1978), it was held that Section 903.132 and the new Rule 3.691(a) did not unconstitutionally deny either due process or equal protection of the law by denying bail to those convicted felons whose records reveal an earlier felony conviction for which civil rights have not been restored. Although the outcome of Gallie suggests that the court has determined the right to bail to be a matter of substantive law rather than of procedure, this question is explicitly addressed only in two brief footnotes.[4]
*1052 In 1980, the Florida Legislature further limited the right to post-conviction release by passing Section 903.133, which is the focus of the current dispute. Section 903.133 provides:
903.133. Bail on appeal; prohibited for certain drug convictions. 
Notwithstanding the provisions of s. 903.132, no person adjudged guilty of a first-degree felony for a violation of s. 893.13 or s. 893.135 shall be admitted to bail pending appellate review.
History.  s. 1, ch. 80-72.
Note.  Section 2, ch. 80-72, repeals Rules 3.130(a) and 3.691(a), Florida Rules of Criminal Procedure, "... to the extent that they are inconsistent with the provisions of ..." this section.[5]
In our view the reasoning employed by the Supreme Court in Greene v. State, quoted, in rejecting a similar constitutional attack, is also applicable here. Upon conviction and adjudication of guilt the appellants no longer enjoy a constitutional right to bail. Greene v. State. Under the provisions of Section 893.135 the legislature has mandated that persons adjudicated guilty of violating its terms must, in most instances, serve minimum mandatory terms of imprisonment. Trial judges have virtually no discretion as to the imposition of this punishment.[6] In State v. Benitez, 395 So.2d 514 (Fla. 1981), the Florida Supreme Court upheld the constitutionality of § 893.135 against numerous constitutional attacks and commented upon the legislative purpose of the statutory scheme, of which § 903.133 is an integral part:
Section 893.135 is a unique response to a serious and growing concern of the legislature regarding illegal drug activities in the State of Florida. Subsection (1) of the new law establishes severe mandatory minimum sentences for trafficking in various types of illegal drugs. Subsection (2) prevents the trial court from suspending, deferring or withholding the adjudication of guilt or the imposition of sentence on a person convicted under the law, and it eliminates the defendant's eligibility for parole during the minimum mandatory sentence. Subsection (3) provides an "escape valve" from the statute's rigors, based on the initiative of the prosecuting attorney, by permitting the court to reduce or suspend a sentence if a convicted defendant is willing to cooperate with law enforcement authorities in the detection or apprehension of others involved in drug trafficking.
Section 893.135 was enacted to assist law enforcement authorities in the investigation and prosecution of illegal drug trafficking at all levels of distribution, from the importer-organizer down to the "pusher" on the street. The harsh mandatory penalties of subsection (1) ameliorated by the prospect of leniency in subsection (3), were clearly calculated to provide a strong incentive for drug violators to cooperate with law enforcement authorities and become informers.
This reasoning applies to the enactment of Section 903.133. The provision mandating no release on bail, after adjudication and pending appeal, in effect requires a defendant to immediately commence serving a *1053 mandatory sentence. This is simply another aspect of the punishment provisions of the statutory scheme. Under these circumstances, and since a defendant who has been adjudicated and sentenced no longer enjoys a constitutional right to bail, we do not believe the legislature has overstepped its bounds in acting to prohibit bail on appeal. See Greene v. State. The courts may be supreme in controlling the procedures by which a defendant's right to bail may be exercised, but such procedural authority cannot be exercised to interfere with the legislature's legitimate exercise of its authority to punish criminal offenders.[7] We also reject, on the authority of State v. Benitez, the other constitutional arguments advanced by the appellants.
Accordingly, we deny the motion for review, affirm the denial of bail and uphold the constitutionality of Section 903.133.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.130(a), provides:

(a) Offenses Less Than Capital. All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be entitled as of right to be admitted to bail before conviction. After conviction bail may be granted by either the trial or appellate court.
[2] Florida Rule of Criminal Procedure 3.691(a), provides:

(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principle enunciated in Younghans vs. State, 90 So.2d 308 (Fla. 1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored, or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
[3] The defendant in Bernhardt had not been adjudicated guilty and hence was apparently still entitled to a constitutional right to bail. The Supreme Court, however, did not address this issue.
[4] . Gallie also asserts that these provisions violate the Eighth Amendment's prohibition against excessive bail as applied to the states through the Fourteenth Amendment, and suggests that the statute represents an impermissible encroachment on the judicial power by the legislature in violation of Article II, Section 3, Florida Constitution. Even assuming, however, that the Eighth Amendment is applicable to the states, see Schilb v. Kuebel, 404 U.S. 357, 365, 92 S.Ct. 479 [484], 30 L.Ed.2d 502 (1971), it is clear that "there is no absolute federal constitutional right to bail after a state conviction." Roberson v. Connecticut, 501 F.2d 305, 308 (2d Cir.1974). See also Hamilton v. New Mexico, 479 F.2d 343 (10th Cir.1973); Bloss v. Michigan, 421 F.2d 903 (6th Cir.1970); United States ex rel. Fink v. Heyd, 408 F.2d 7 (5th Cir. 1969). In any event, we have previously considered and rejected both of these contentions in Greene v. State, 238 So.2d 296 (Fla. 1970).
362 So.2d at 939.
21. § 903.131, Fla. Stat., enacted by Ch. 69-307, Laws of Fla., and codified as § 903.132, Fla. Stat. (1969), provided:
"No person may be admitted to bail upon appeal from a conviction of a felony if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored."
The inherent conflict between this prohibitive statute and our Court rule, which made bail in such cases discretionary, resulted in rulings by the First and Second District Courts of Appeal that the rule took precedence over the statute because bail is a procedural matter. Rolle v. State, 314 So.2d 624 (Fla. 1st DCA 1975); Bamber v. State, 300 So.2d 269 (Fla. 2d DCA 1974). It was expressly in response to these decisions that the legislature enacted Chapter 76-138, which revised Section 903.132 into its present form and repealed Rules 3.130(a) and 3.691(a) "insofar as they are inconsistent with" the amended statute. We have since acted to conform those rules. The Florida Bar re Florida Rules of Criminal Procedure, 343 So.2d 1247, 1250, 1262 (Fla. 1977).
362 So.2d at 941.
[5] Pursuant to Article V, Section 2(a) of the Florida Constitution, Section 903.133 was passed by the requisite 2/3 majority vote necessary to repeal rules promulgated by the Florida Supreme Court.
[6] For a discussion of the sentencing scheme, see State v. Benitez, 395 So.2d 514 (Fla. 1981).
[7] In addition, we note that under our constitutional scheme of separation of powers, the legislature may repeal provisions of rules enacted by the Supreme Court upon a two-thirds vote. As noted, id., there was a two-thirds vote here. See Article V, Section 2(a), supra.