SCHWARTZ, Chief Judge.
The respondent Palmer pled nolo conten-dere to a charge of drug trafficking, reserving the right to appeal from his conviction on the ground that his motion to suppress had been erroneously denied. The trial court admitted him to bond pending appeal, holding that Sec. 903.133, Fla.Stat. (1983),[1] which precludes such relief in a trafficking case, was unconstitutional as applied to Palmer, on the ground that he was a good bail risk and was raising a substantial point on appeal.
The order is quashed on the authority of Echeverria v. State, 411 So.2d 357 (Fla.3d DCA 1982), adopting Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981), cert. denied, 415 So.2d 1359 (Fla.1982). Echever-ría and Hart establish the validity of the statute’s absolute prohibition of an appeal bond in these cases. It follows that the particular surrounding circumstances, which might otherwise invoke the court’s discretion to grant a bond, are totally immaterial. In sum, particularly since there is no constitutional right to bond pending appeal in the first place, Greene v. State, 238 So.2d 296 (Fla.1970); Roberson v. State of Connecticut, 501 F.2d 305 (2d Cir.1974), a statute which constitutionally denies bond in every such instance simply and logically cannot be unconstitutional “as applied” to an individual one.
Certiorari granted.[2]

. 903.133. Bail on appeal; prohibited for certain drug convictions.—
Notwithstanding the provisions of s. 903.132, no person adjudged guilty of a first-degree felony for a violation of s. 893.13 or s. 893.135 shall be admitted to bail pending appellate review.

. The time for filing a motion for rehearing is reduced to three days from the date hereof.