BOARDMAN, Judge.
By petition for writ of certiorari, the state seeks review of the trial court’s order releasing respondent, Rodney D. Hanscom, an adjudicated drug trafficker, from prison under a $15,000 bond pending the outcome of the state’s appeal of respondent’s sentence. We grant the writ of certiorari and quash the challenged order.
Respondent pled guilty to the charged offense of trafficking in excess of 400 grams of cocaine, a first-degree felony punishable under section 893.135(l)(b)3., Florida Statutes (1983), by a fifteen-year mandatory minimum term of imprisonment and payment of a $250,000 fine. Respondent, however, entered his plea under a written agreement which required the state to move for reduction of his sentence to a five-year mandatory minimum term in exchange for his substantial assistance in identifying, apprehending, and convicting fellow drug traffickers.[1]
Although respondent apparently furnished some information to the state, the state contended at sentencing that the quality and extent of respondent’s assistance fell far short of that required under the plea agreement. According to the state, Mr. Hanscom had failed to divulge all the information that the state knew he possessed, and he also had expressed a *925 reluctance to testify at trial. Consequently, the state refused to move for reduction of respondent’s mandatory fifteen-year sentence. After receiving evidence and hearing argument of counsel, the trial court found that the state had failed to demonstrate respondent's noncompliance with the plea agreement; the court, therefore, adjudicated respondent guilty of trafficking in cocaine and imposed the five-year mandatory minimum sentence specified in the parties’ agreement.[2]
When the state expressed its intention to appeal the trial court’s sentencing decision, the court indicated that it would be inclined to grant a defense motion to release respondent on bail pending the outcome of the state’s appeal. Although the court recognized that a literal reading of section 903.133, Florida Statutes (1983), would preclude the granting of bail on appeal to any individual adjudged guilty of certain specified first-degree felonies, including drug trafficking, it believed that the state’s appeal from a sentence imposed pursuant to a written plea agreement constituted an exceptional circumstance not contemplated by the statute. When the court subsequently entered its order releasing respondent on bail pending appeal, this timely petition for writ of certiorari ensued.
The Florida legislature enacted section 903.133 in response to its specific finding that the existence and perpetuation of drug trafficking in this state endangers the health, safety, welfare, and morals of our citizenry. See Ch. 80-72, Laws of Florida. As particularly relevant to this case, the legislature also found that “a person who has been adjudged guilty of a first degree felony for a violation of s. 893.13 or s. 893.135, Florida Statutes, has committed a crime of inherent gravity and as a result is likely to escape justice and disappear upon adjudication of guilt_” Id. Presumably in light of the grave danger posed by drug trafficking and the propensity of drug traffickers to abscond upon adjudication of guilt and later resurface to perpetuate their nefarious trade, the legislature has determined that “the mere forfeiture of bond on appeal does not serve the ends of justice_” Id. Consequently, our legislature has expressly stated, “[I]t is the intent of the Legislature that no person adjudged guilty of a first degree felony for a violation of s. 893.13 or s. 893.135, Florida Statutes, be admitted to bail pending appellate review....” Id.
Section 903.133, Florida Statutes (1983), articulates this legislative intent in language which leaves little room for debate. Section 903.133 provides, “Notwithstanding the provisions of s. 903.132, no person adjudged guilty of a felony of the first degree for a violation of s. 782.04(2) or (3), s. 787.01, s. 794.011(4), s. 806.01, s. 893.13, or s. 893.135 shall be admitted to bail pending review either by posttrial motion or appeal.” As respondent concedes, the statute has been upheld as constitutional. See State v. Palmer, 450 So.2d 931 (Fla. 3d DCA 1984); Echeverría v. State, 411 So.2d 357 (Fla. 3d DCA 1982); Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981), petition for review denied, 415 So.2d 1359 (Fla. 1982).
It appears clear to us that the legislature intended to prohibit appellate bond for all individuals adjudged guilty of a first degree felony under section 893.135, without regard for whether the state or the defendant pursued the appeal. Indeed, section 903.133 seeks to prevent convicted drug traffickers from “escap[ing] justice and disappearing] upon adjudication of guilt,” Ch. 80-72, Laws of Florida, a danger which is equally present upon the individual’s release from incarceration regardless of which side undertakes the appeal. Nor does the fact that respondent was adjudicated under a written plea agreement change our conclusion. Notwithstanding this circumstance or the reduced sentence imposed, respondent still falls within the ambit of the statute because he has been *926 adjudged guilty of a first degree felony under section 893.135. That respondent might be permitted to withdraw his plea upon disposition of the state’s appeal creates no exception under the statute, just as an adjudicated drug trafficker’s potential success in his direct appeal has no bearing on the application of section 903.133.
In conclusion, we hold that the trial court’s ruling admitting respondent to bail pending appellate review clearly departs from the essential requirements of law. Accordingly, we grant certiorari and quash the trial court’s order.[3]
RYDER, C.J., and DANAHY, J., concur.

. Section 893.135(3), Florida Statutes (1983), provides:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.

. The state challenged the correctness of the trial court’s sentencing decision through a direct appeal, State v. Hanscom, Case No. 84-245, which is still pending before this court. We, of course, express no opinion as to the correctness of that ruling.

. The time for filing a motion for rehearing is reduced to three days from the date of this opinion.