ON MOTION FOR POST-TRIAL RELEASE
DANIEL S. PEARSON, Judge.
Jorge Jimenez, one of several defendants in the above case, has moved this court to order that he be released on his own recognizance pending an appeal by the State of an order granting Jimenez a new trial after the trial court, upon a jury verdict, adjudicated him guilty of trafficking in cocaine in violation of Section 893.135, Florida Statutes (1985). We treat the motion as one to review the trial court’s denial of recognizance release. Fla.R.App.P. 9.140(e)(4). We affirm the trial court’s ruling.
Jimenez claims that he is entitled to recognizance release under Florida Rule of Appellate Procedure 9.140(e)(2), which provides that:
“An incarcerated defendant charged with a bailable offense shall on motion be released on his own recognizance pending an appeal by the State, unless the lower tribunal for good cause stated in an order determines otherwise.”
The trial court denied Jimenez’s motion to be released on his own recognizance on the ground that Section 903.133, Florida Statutes (1985), precludes any form of release at this stage of the proceedings.[1]
Section 903.133 provides:
“Notwithstanding the provisions of § 903.132, no person adjudged guilty of a *1258 felony of the first degree for a violation of ... § 893.135 [trafficking in cocaine] shall be admitted to bail pending review either by posttrial motion or appeal.”
It is clear that while it is a judicial function — and thus the proper subject of a rule — to control the procedure by which a defendant’s right to bail may be exercised, it is a legislative function — and thus the proper subject of a statute — to declare what persons are entitled to bail. Palladino v. Turner, 263 So.2d 206 (Fla.1972); Greene v. State, 238 So.2d 296 (Fla.1970). The Legislature’s declaration in Section 903.133 that persons adjudged guilty of trafficking in cocaine cannot be admitted to bail pending review has been held to be a valid exercise of legislative power against the attack that the statute unconstitutionally encroaches upon the rule-making power of the Florida Supreme Court. Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981).
The defendant argues that the order granting him a new trial after an adjudication of his guilt effectively erases any adjudication and makes Section 903.133 inapplicable. He overlooks that, while ordinarily an appeal by the State does not stay the operation of an order in favor of the defendant, an appeal by the State from an order granting a new trial stays the effect of the order. § 924.19, Fla.Stat. (1985). Thus, despite the order granting a new trial, the adjudication of the defendant’s guilt of trafficking in cocaine remains in effect, and he is not entitled to be admitted to bail. There thus being no “bailable offense,” the defendant is not entitled to release under Rule 9.140(e)(2), even assuming that rule to be otherwise applicable.[2]
Motion denied.

. Anomalously, the trial court nonetheless set bail at $100,000. The State has not cross-appealed this ruling.

. We leave for another day the question of whether Rule 9.140(e)(2), despite its all-embracing language and despite its inclusion under the heading “Post-Trial Release,” can possibly apply to a state appeal from an order granting a new trial. If, as one might contend, this rule indiscriminately applies to all authorized state appeals, then it would lead to the absurd result, for example, that a defendant who is sentenced to prison after conviction for less than the guideline-recommended sentence must be released on his own recognizance while the State appeals the downward departure.