## STATE OF FLORIDA v WASHINGTON
### Case No. 89-088AC
Eleventh Judicial Circuit, Dade County
March 20, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Mark S. Dunn,** Assistant Attorney General, for appellant.

**Alan E. Weinstein, Esquire,** for appellee.

Before HENDERSON, LEVINE, GREEN, JJ.

### OPINION OF THE COURT

GREEN, J.

The State of Florida ("STATE") filed an information against appellee EARL WASHINGTON ("WASHINGTON") on November 9, 1988 charging him with knowingly and willfully neglecting or exploiting an aged person in violation of § 415.111(4) Florida Statutes during the time period July, 1986 through January 31, 1987. The effective date

of § 415.111(4) was October 1, 1986. Appellee WASHINGTON filed a motion to dismiss the information on the grounds that the application of this statute against him for any activity preceding October 1, 1986 constituted an *ex post facto* prosecution in violation of Article I, Section 9 of the United States Constitution and Article I, Section 10 of the Florida Constitution and that this action was time barred by the statute of limitations, § 775.15(2)(c), Florida Statutes. The trial court granted this motion and the State took the instant appeal.

We reverse the trial court's order because we first find that the application of § 415.111(4) to the offenses allegedly committed by WASHINGTON prior to October 1, 1986 would not constitute an ex post facto violation. Prior to October 1, 1986, § 410.11(1), Florida Statutes (1981) was in effect as follows:

> Any person who knowingly or willfully abuses, neglects, exploits or maltreats an individual suffering from the infirmities of aging, and in so doing, causes great bodily harm, permanent disfigurement, or permanent disability to such person is guilty of a felony in the third degree . . . .

This criminal statute, like § 415.111(4) seeks to protect the elderly from the willful abuse, neglect or exploitation by others, although its scope is broader than § 415.111(4) and its penal consequence is more severe than § 415.111(4).

Clearly, the application of § 415.111(4) to WASHINGTON's alleged acts cannot be an *ex post facto* violation since those acts were criminal prior to October 1, 1986. *See State v Gale Distributors, Inc.,* 349 So.2d 150, 154 (Fla. 1977).

We also reverse the trial court's finding that this action is barred by the statute of limitations. We concur with the State's argument that not all of the prohibited acts under § 415.111(4) have to occur within the statute of limitations as long as the last act of a continuing series of acts of above, neglect or exploitation of an aged person occurs during the statute of limitation.

Accordingly, the Order Granting the Motion to Dismiss is reversed and the cause remanded for further proceedings consistent herewith.