STONE, Judge.
Phillips appeals an order finding it violated the Motor Fuel Marketing Practices Act, section 526.301-526.3135, Florida Statutes (1989), and particularly, section 526.305, and enjoining Phillips from selling gasoline at its company operated retail stations at prices below those it charged at the wholesale level to independent jobbers. We reverse.
We have reviewed the record and conclude that the state failed to demonstrate a violation of section 526.305 of the act. The relevant portion provides:
(1) It is unlawful for any person engaged in commerce in this state:
(a) To sell for resale any grade of motor fuel at a price lower than the price at which the seller contemporaneously sells motor fuel of like grade and quality to another person on the same level of distribution, in the same class of trade, and within the same market area as the purchaser; ...
where the effect is to injure competition. An isolated, inadvertent incident shall not be a violation of this act.
(3) A sale made in good faith to meet an equally low price of a competitor selling motor fuel of like grade which can be used in the same motor vehicle is not a violation of this section, (emphasis added)
Section 526.303(10), Florida Statutes provides a definition for “sale”
“Sale” or “sell” means any transfer, gift, sale, offer for sale, or advertisement for sale in any manner or by any means whatsoever, including any transfer of motor fuel from a person to itself or an affiliate at another level of distribution, but does not include product exchanges at the wholesale level of distribution, (emphasis added)
Phillips is a nationally recognized wholesale distributor of petroleum products. The trial court’s order concluded that the sale of Phillips’ gasoline at wholesale to independent jobbers is at the same level of distribution, for pricing comparison purposes, as a sale of gasoline at the retail pump from Phillips to consumers at the Phillips company operated stations.
Phillips asserts that it did not violate section 526.305 by the lower retail price at the pump notwithstanding that the wholesaler and retailer are the same company. Phillips argues that the Act specifies that it is applicable only to sales “for resale” and to sales “to another person on the same level of distribution, in the same class of trade,” and therefore by its terms is inapplicable here. Phillips notes that it is undisputed that the market conditions, resulting in the discrepancy between its wholesale price in Broward County and the price at the pump at the five company operated stations in question, were unique. These conditions arose in August 1991 when, due to the crisis in the Persian Gulf, an aberration of dropping retail and rising wholesale prices occurred. It also argues that the retail prices were set by the stations in good faith to meet the equally low prices of *108 retail competition, conduct expressly authorized as an exception under the Act.
Applying the plain language of section 526.305, we conclude that its provisions did not bar the retail pricing in question. A sale of gasoline at the retail pump is neither a sale “for resale,” nor a sale to another “on the same level of distribution, in the same class of trade.” Rather, a sale to other wholesalers or “middle men,” is a sale “for resale”; as such jobbers will then, in turn, resell to retailers. Further there is no language in section 526.305 indicating that a good faith wholesale sale, reflected on the books, to a wholesaler’s own retail establishments is not a sale for resale. That is the level at which comparisons are to be made under the wording of this statute. There is no indication in the statute that a sale for resale is to be construed as a sale at the pump. Similarly, applying the common meaning of the words, a sale to a middleman for the posted terminal price is not on the same “level of distribution” or in the same “class of trade” as a sale to a retail customer.
We note that the section 526.303(10) of the Act recognizes a company transfer to “itself” at another level of distribution as a “sale.” We find no support in the record to conclude that the structural arrangements between Phillips and its company stores and the transactions in question constitute a mere fiction even if the wholesale charges to the company owned stations ultimately remain bookkeeping entries and set offs.
The trial court’s broad interpretation of the Act is founded on the court’s applying transfer of “title” reasoning that is not found in the plain language of the statute. The court defined “sale” as the point in the transactions where legal “title” to the gasoline passed from Phillips to an unrelated entity or person for the first time; that being the transaction at the pump. Although we understand why the equities may be with the state, there is nothing before us to support the application of the trial court reasoning. Even if it was the intention of legislators that this section prohibit a branded supplier from favoring itself over independents, the circumstances which the state finds offensive are simply not covered by the chosen wording of the statute.
We recognize that the legislature subsequently amended the statute, apparently to specifically preclude the conduct enjoined here. Section 526.305(4) (New) now specifically provides that it is unlawful for a refiner to sell fuel at its retail outlet below the price it charges under a written wholesale contract to a wholesaler that sells in the relevant market. Notwithstanding the present legislative intent to the contrary, we are obligated to apply the statutory language as worded prior to the amendment. E.g., Johnson v. Feder, 485 So.2d 409 (Fla.1986); State v. Gale Distributors, Inc., 349 So.2d 150 (Fla.1977).
We also note that section 526.304 (1989), not alleged to be violated here, specifically addresses issues of retail level price fixing, prohibiting retail sales by a refiner “at a retail outlet below refiner cost, where the effect is to injure competition,” except where the lower price is established in order to meet competition. The legislature subsequently amended this section. Because we have not relied on it in reaching our conclusion, we need not address Phillips’ argument that there would be no need for section 526.304 if the state’s interpretation of section 526.305 was adopted.
We also note that the only violation alleged is under the chapter governing sale of liquid fuel. This is not an action under state equivalents of Sherman, Robinson-Patman, or F.T.C. Acts, or other general anti-monopoly laws.
Therefore, we conclude that the trial court’s finding that appellant’s retail pricing at the time and places in question is illegal under section 526.305, Florida Statutes (1989), was error and the temporary injunction order under review is reversed.
On the cross-appeal, given the allegations in the complaint, we find no error or *109 abuse of discretion in the court’s limitation of the order to the Seventeenth Circuit.
LETTS and DELL, JJ., concur.