213 So.2d 285 (1968)
William E. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1903.
District Court of Appeal of Florida. Fourth District.
August 16, 1968.
*287 G. Kendall Sharp, Public Defender, and Frank M. Appleby, Asst. Public Defender, Vero Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
McCAIN, Judge.
The defendant William E. Baker was charged with robbery, and after entering a plea of guilty, was adjudicated guilty, and sentenced on January 29, 1962, to imprisonment for twenty years. On January 10, 1964, that conviction, along with three others, was vacated. Defendant was retried before a jury, convicted of robbery, and sentenced to life imprisonment on August 16, 1967. Defendant took an appeal from that conviction. Bail during pendency of the appeal was set by the trial court at $10,000.00. Defendant filed a motion for reduction of bail which was denied. Defendant then filed a notice of appeal from that order which we treat as a motion to review bail under F.A.R. 5.10, 32 F.S.A.
At the outset we wish to emphasize that we are here dealing with bail following a conviction and that our views are necessarily applicable only to similar situations. We feel, however, that a general discussion of bail will also be of assistance.
While an accused has a right to bail before trial, except for capital offenses where the proof is evident or the presumption great,[1] after conviction this right no longer exsits. The withdrawal of this right is not illogical. Justice for any individual contemplates full enjoyment of his constitutional rights, but when such individual commits and is convicted of a crime, then justice to society requires him to be punished. Those rights theretofore enjoyed, such as the right to liberty and pursuit of happiness, are taken away by the rightful demands of the law for the continued peace and safety of all organized society. Therefore the admission to bail pending appeal is discretionary with the court.[2] This discretion is not unlimited however, and must be exercised within guidelines established by case law[3] and adopted by court rule.[4]
If the appeal is taken in good faith, on grounds not frivolous but fairly debatable, then the convicted defendant should normally be admitted to bail.[5] Good faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist. On the other hand, if there are circumstances to indicate the defendant will leave the jurisdiction in order to evade punishment should his conviction be affirmed,[6] bail may properly be denied. Furthermore, in fixing the amount of bail, consideration may be given to the severity of the sentence. The court may also consider the defendant's general record, reputation and character, which goes to establish not only the likelihood of his appearance upon disposition of the appeal but also what the probability of his conduct will be while on bail.
In Younghans v. State, supra note 2, it is said the trial judge might consider "the *288 habits of the individual as to respect for the law." We are aware of our sister court's opinion in Waller v. State,[7] to the effect that any lack of respect for the law, as contemplated by Younghans has reference to whether the defendant would be tempted to remove himself from the jurisdiction of the court. We do not believe the language employed in Younghans was intended as this restrictive and therefore place a broader construction upon the criterion of respect for the law.
In the administration of justice it is the courts' duty to protect society from the habitual offender. Obviously then, in determining bail the court may consider the record of a felon where it can be anticipated that he will continue a course of crime until finally behind prison walls.[8] In so doing, the responsibility of the court is fulfilled while giving application to settled principles of law and constitutional guarantees. In fact under the common law and early English statutes, the form of recognizance upon the bail of a defendant was "for his appearance to take his trial and to be of good behavior in the meantime." Reg. v. Badger, 4 Q.B. 467, 114 Eng.Reprint 975.
It must be recognized that the granting of bail and the amount thereof is not a strict legal right but rather is a legal favor, resting in the sound judicial discretion of the trial judge.
In the instant case, however, we are not faced with a disallowance of bail. Bail was set in the amount of $10,000.00, a sum that defendant, as an indigent, feels is excessive.
We disagree. There is an implication implicit in much of the law that by resort to a given set of factors, circumstances or tests, one obtains a clear cut and unequivocal answer. Such is the implication in the rules surrounding a court's discretion in setting bail following conviction. Yet it would be naive to believe that a given set of circumstances admit of but one result and that a court's only function is to plug the facts into the rules and thereby reveal the one true and just answer. In fact we know it to be otherwise.
And so it is that in attempting to decide the amount of bail for an individual following conviction, a judge's decision is not always clear cut. He may find some factors that would seem to warrant a denial of bail yet believe these fall a little short of clear justification for totally denying it. Under these circumstances we could not condemn him for setting bail somewhat higher than these same considerations might indicate for pretrial bail. After conviction the mantle of innocence is gone and what might have been unreasonable bail prior to trial may well be reasonable after trial.[9]
The action of the trial judge comes to us with great weight and is not to be cast aside unless it clearly appears he has abused his discretion. This judicial discretion is not an arbitrary power but is a discretion to do in a case what the ends of justice demand. This means a sound decision reached only after a review of each request in light of all facts and circumstances surrounding it.
In the case before us defendant pled guilty to four charges, one of which was an escape charge. These sentences were subsequently vacated. Defendant was retried and convicted of robbery, receiving a life sentence. In this setting can it be said that requiring $10,000.00 bail was an abuse of discretion? We think not. In fact the judicial conscience of this court would be shocked if the amount was less.
Defendant also claims error in the denial of his petition to reduce bail without affording him a hearing. While bail *289 should not be set, increased or reduced without a hearing,[10] here bail was set only after hearing. We do not believe that defendant's petition for reduction entitled him to a second hearing absent a prima facie showing that some new evidence could be presented that would tend to entitle him to a reduction in bail.
Defendant's motion for review is, therefore, discharged.
WALDEN, C.J., and OWEN, J., concur.
NOTES
[1] Florida Constitution, Declaration of Rights, § 9, F.S.A.
[2] Younghans v. State, Fla. 1956, 90 So.2d 308.
[3] Younghans v. State, supra note 2.
[4] F.A.R. 6.15(b), providing that applications for bail pending appeal will be tested by the principles of the Younghans case.
[5] Younghans v. State, supra note 2.
[6] Younghans v. State, supra note 2.
[7] Fla.App. 1968, 208 So.2d 147.
[8] State v. Iverson, 1954, 76 Idaho 117, 278 P.2d 205; In re France, 1924, 38 Idaho 627, 224 P. 433.
[9] Lambert v. State, Fla.App. 1963, 151 So.2d 675.
[10] Lambert v. State, supra note 9.