ALDERMAN, Justice.
This cause is before us on direct appeal by the defendant, Teddy Warren Kelly, to review the order of the trial judge denying his request for bond pending appeal and upholding the constitutionality of Section 903.132, Florida Statutes (1976 Supp.), which prohibits the granting of bail on appeal to a person convicted of a felony when other felony charges are pending against him and where probable cause has been found, at the time request for bail is made, that he has committed the felony or felonies. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
The sole question for resolution is the constitutionality vel non of Section 903.-132 and Fla.R.Crim.P. 3.691(a). We agree with the trial court that this statute and rule are constitutional.
Kelly filed a motion for setting bail pending appeal with the Circuit Court, in and for Escambia County, and alleged, among other things, that the provisions of Fla.R. Crim.P. 3.691(a) and Section 903.132 are violative of the Fifth and Fourteenth *946 Amendments, United States Constitution, and Article I, Sections 5 and 9, Florida Constitution.
Finding that probable cause has been found on other felony charges pending against Kelly and holding that Section 903.-132 and Fla.R.Crim.P. 3.691(a), which clearly prohibit the court from granting bail in this case, are constitutional, the trial court denied Kelly’s motion for bond pending appeal.
Section 903.132, Florida Statutes (1976 Supp.), provides:
(1) No person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
(2) An order by a trial court denying bail to a person pursuant to the provisions of subsection (1) may be appealed as a matter of right to an appellate court, and such appeal shall be advanced on the calendar of the appellate court for expeditious review.
Fla.R.Crim.P. 3.691(a) provides:
(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans vs. State, 90 So.2d 308 (Fla.1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored, or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
Kelly argues that the statute and the rule establish an arbitrary and illogical criterion for the absolute prohibition of bail pending appeal to persons against whom felony charges are pending for which probable cause has been found and disallow application of the criteria established in Younghans v. State, supra, and that the statute and rule make the determination of the matter of bail on appeal for a limited group of persons not on the basis of what justice requires but on the basis of an arbitrary standard unrelated to the purpose of bail. Kelly claims that the fact that probable cause has been found for a pending felony charge in no way conclusively establishes that the ends of justice require that a defendant be imprisoned. Cf. Younghans v. State, supra. He contends that prohibition of bail on appeal because of a pending felony charge indirectly denies him his constitutional right to bail in the pending prosecution; that the trial court should be able to grant or deny bail to all defendants in its sound discretion based on factors which are relevant and which are described in Youn-ghans ; and that, rather than being conclusive on the matter, the pending felony charge, at most, should be a factor for full consideration by the trial judge in determining whether bail should be granted.
The state points out that Kelly has been charged with, and probable cause has been found for, seven separate crimes, three of which are the crime of burglary and one of which is arson. It contends that the rule and statute are not arbitrary and, therefore, not unconstitutional. We agree. Relative to Kelly’s argument that Younghans provides a more rational approach adequate to protect the public welfare, the state correctly submits that Kelly is quarreling with *947 the wisdom of the statute and the rule and not their constitutional validity.
Release on bail pending appeal is not an absolute right guaranteed by the Constitution, and the granting of bail pending appeal must be exercised within the guidelines established by case law and adopted by court rule, Baker v. State, 213 So.2d 285 (Fla. 4th DCA 1968). In Greene v. State, 238 So.2d 296 (Fla.1970), we upheld the constitutional validity of Section 903.132, Florida Statutes (1969), which denied bail on appeal from conviction of a felony to persons previously convicted of a felony and found that this statute was neither arbitrary nor discriminatory since it was based upon, among other grounds, the known propensity of a habitual offender to continue a pattern of criminal activity of a serious nature, thereby making him an extremely poor bail risk. In that case, we noted:
Our federal courts generally agree that although the concept of release on reasonable bail after conviction is basic and fundamental to our legal system, it is not an absolute right constitutionally guaranteed by the Eighth Amendment to the United States Constitution. Even those federal courts that have expressly held or assumed, arguendo, that the bail provision of the Eighth Amendment to the United States Constitution applies directly to state action, have recognized that a state may constitutionally by statute or exercise of judicial discretion grant release on bail in some eases and deny it in others, as long as the state acts reasonably and not arbitrarily or discriminatorily. 238 So.2d at 299.
The rationale enunciated in Greene for upholding the validity of Section 903.132, Florida Statutes (1969), is likewise applicable to the provision in Section 903.132, Florida Statutes (1976 Supp.), with which we are now dealing.
Accordingly, we find that Section 903.132, Florida Statutes (1976 Supp.), and Fla.R. Crim.P. 3.691(a) are constitutional and affirm the order of the trial judge denying bail pending appeal.
It is so ordered.
ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
ENGLAND, C. J., and SUNDBERG, J., dissent.