ON MOTION TO SET BAIL PENDING APPEAL
ORFINGER, Judge.
Appellant asks this court to review an order of the trial court denying bail following conviction, and pending appeal. Rule 9.140(e)(4), Fla.R.App.P.
Appellant was convicted by a jury of selling a controlled substance and after motion for a new trial was denied, was sentenced to imprisonment for five years. He immediately filed a notice of appeal and asked for bail pending the appeal, pursuant to Rule 3.691, Florida Rules of Criminal Procedure. He alleged in his motion before the trial court that the appeal was not frivolous and was not taken for delay, that appellant was a long-time resident of Pasco County, Florida, that his parents owned property there and that he had always answered every call to court. At the hearing on the motion, which was the same hearing at which the motion for new trial was argued and at which appellant was sentenced, the trial court stated:
“. . . on a supersedeas after a conviction, it is strictly discretionary, unless I find that the appeal is very likely to succeed. I have reviewed it, and of course, sit [sic] through the trial, I am of the opinion, even though I do not believe that you take frivolous appeals, I believe this appeal has got little or no chance of success unless they reverse me on that number two.”
The “number two” referred to by the court was a ground stated in the motion for new trial wherein it was alleged that the trial court erred in refusing to declare a mistrial requested by appellant because of alleged improper comment by the court.
Appellant contends that he is entitled to bail pending appeal under the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla.1956); that the appeal is not frivolous and is made in good faith and on grounds fairly debatable. He contends that the trial court abused its discretion in denying bail pending appeal.
Younghans v. State, supra, declared that the threshold question to be determined by the trial court on a motion to set bail pending appeal was whether the appeal is taken in good faith, on grounds not frivolous but fairly debatable.[1] This was further amplified in Baker v. State, 213 So.2d 285 (Fla. 4th DCA 1968) wherein the court said:
“. . . Good faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist. . . ” id. at 287.
Thus, the standard as applied by the trial court that the appeal “must be very *583 likely to succeed” imposes a greater burden upon a defendant than is required by law under both Younghans and Baker.
We should point out that even where a defendant hurdles the threshold question, the trial court may still exercise its discretion to deny bail if there are circumstances to indicate that the accused will flee and thus evade punishment if his conviction is affirmed.
. Thus, in addition to the question of whether the appeal is taken “in good faith, on grounds not frivolous but fairly debatable,” the trial judge might consider (1) the habits of the individual as to respect for the law, (2) his local attachments to the community, by way of family ties, business, or investments, (3) the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court. In a case where the term of imprisonment imposed is short, the trial court might also consider whether the denial of bail would render nugatory the right to appeal from the judgment of conviction. . Younghans at 310.
Additionally, the court may also consider the defendant’s general record, reputation and character, which goes to establish not only the likelihood of his appearance upon disposition of the appeal but also what the probability of his conduct will be while on bail. Baker v. State, supra.
Since the trial court denied bail on the sole ground that he believed the appeal would not succeed, which is not the correct “standard of judicial action”, Younghans, supra, we remand this matter to the trial court for further consideration in accordance with this opinion. In so doing, we do not in any way express any opinion on the merits of the appeal.
REMANDED.
COBB and FRANK D. UPCHURCH, JJ„ concur.

. The burden of making the showing is on the defendant. Rule 3.691, Fla.R.Cr.P.