ORDER ON EXPEDITED MOTION FOR BOND PENDING APPEAL

PER CURIAM.
Appellant has filed a motion seeking review of the trial court’s denial of his request for bond pending appeal. See Fla. R.App. P. 9.140(h). In the motion, appellant asserts that the trial court abused its discretion by applying the incorrect standard in determining whether to grant post-trial release. We agree and grant appellant’s motion on that basis.
The threshold question presented in a motion for bond pending appeal is whether the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. See Fla. R.Crim. P. 3.691(a); Younghans v. State, 90 So.2d 308 (Fla.1956). In Baker v. State, 213 So.2d 285, 287 (Fla. 4th DCA 1968), the court explained “[g]ood faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist.”
In the present case, the trial court found that the appeal was not frivolous and was taken in good faith. However, the trial court noted that the grounds for appeal had been raised in motions for a new trial and judgment of acquittal and those motions had been denied as being without merit. Accordingly, the trial court found that appellant had failed to establish that the appeal was taken on grounds fairly debatable. In explaining its decision, the trial court stated “I think the Court would *1121 be hypocritical in doing what he did and then say at the same time that there are grounds fairly debatable.”
This standard applied by the trial court imposes a higher burden on appellant than is required by rule 3.691 and the caselaw. Post-trial release is not dependent on whether the appellate issues have been raised before the trial court and rejected. The standard is whether the issues raised are open to debate and involve reasonable questions. See Baker. After all, most issues raised on appeal have been presented to the trial court and rejected. Application of an incorrect standard in a bond proceeding is an abuse of discretion requiring reversal. See Boles v. State, 388 So.2d 581 (Fla. 5th DCA 1980)(reversing the trial court’s denial of bond pending appeal where the trial court applied an incorrect standard requiring the appeal to be very likely to succeed). Therefore, we grant appellant’s motion in part and remand this matter to the trial court for further consideration.
VAN NORTWICK and BROWNING, JJ., concur; WEBSTER, J., concurs in result only.