On Motion to Review Order Denying Appeal Bond

TAYLOR, J.
Appellant moves this court for review of the trial court’s order denying him an appeal bond pending review of his conviction, pursuant to Florida Rule of Appellate Procedure 9.140(g)(4).
Appellant was convicted after trial of aggravated assault with a firearm in his possession (Count I) and improper exhibition of a firearm (Count II). He was found guilty of those offenses and sentenced on February 26, 2004 to the mandatory three-year minimum term on Count I, as required by section 775.087(2), Florida Statutes, and to a concurrent term of time served on Count II. Before trial, appellant was at liberty on bond. However, at one point he was returned to jail for seven months because of an allegation of victim contact. He was later released on an electronic monitor, with no problems thereafter. In fact, the court deleted the electronic monitor a couple of months prior to the trial. Appellant appeared for trial.
Appellant is a first time offender and has no other felony charges pending against him. He requested the trial court to set an appeal bond of $20,000 and impose any reasonable conditions it desired, including electronic monitoring and seizure of his passport. In his motion for superse-deas bond, he made the following allegations: Appellant is a citizen of Canada who has lived in the United States for over twenty years; he has a business here; he is engaged to be married; and he intends to live with his fiancée pending disposition of his appeal. At the bond hearing, the state did not contest or attempt to refute any of these allegations. The trial court took no evidénce and made no written findings. The court summarily denied the motion based on orally expressed reasons: that the defendant is facing a minimum mandatory sentence, is subject to automatic deportation at the end of his sentence, and is a citizen of Canada.
Florida Rule of Criminal Procedure 3.691(a)(2003) provides for discretionary release pending review under the standards set forth in Younghans v. State, 90 So.2d 308 (Fla.1956). Subsection (b) of that rule requires written findings when release is denied. See also Fla. R.App. P. 9.140(h)(3)(2003)(all orders denying post-trial release shall set forth the factual basis and reasons therefore).
*141 The record does not show that the trial court considered the Younghans factors or that it based its denial of bond on appropriate factors. See Coolley v. State, 720 So.2d 598 (Fla. 2d DCA 1998)(holding that the fact that a defendant is subject to a minimum mandatory prison sentence is not grounds for denying post-trial release). Further, the fact that appellant is a Canadian citizen who may be subject to deportation at the end of his sentence is not conclusive on whether he presents a flight risk.
In Wells v. Wainwright, 260 So.2d 196, 197 (Fla.1972), the supreme court stated:
Younghans essentially directs the court to consider (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law; (8) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether the defendant would remove himself from the jurisdiction of the court.
We reverse the denial of appellant’s motion for an appeal bond and remand for the trial court to revisit his motion in accordance with Younghans and the criminal and appellate rules.
GUNTHER and POLEN, JJ. concur.