PER CURIAM.

ON MOTION FOR REVIEW

Following a jury trial in Suwannee County, the appellant was convicted of solicitation to commit first-degree murder and sentenced to a term of six years’ imprisonment. He appeals that judgment and sentence, and, pursuant to Florida Rule of Appellate Procedure 9.140(h)(4), moves for review of the order by which the trial court denied his motion for release on bond and other reasonable conditions pending appeal. Applying the principles of Younghans v. State, 90 So.2d 308 (Fla. 1956), and Florida Rule of Criminal Procedure 3.691 in light of the particular circumstances of this case, we grant the motion for review, quash the order by which the appellant’s motion for release was denied, *983 and remand this matter to the trial court with directions that reasonable conditions for release pending appeal be set.
The appellant was arrested in December 2004 and was released prior to trial on bond. He remained at liberty until trial in April 2007, and during that time appeared at all required court proceedings and complied with all conditions of release. He was remanded to custody following rendition of the verdict. Following sentencing, he filed his motion for release pending appeal. After a hearing, the trial court denied the motion. In its written order, the court properly recognized that the appellant is not disqualified from release pending appeal by the provisions of sections 903.132(1) or 903.133, Florida Statutes. The trial court also determined that the appeal in this case is taken in good faith, on grounds fairly debatable, and not frivolous. But the court nevertheless concluded that the motion for release should be denied because the intended victim and his wife had been placed in fear as a result of the appellant’s presence in the community while he was on pretrial bond.
Having carefully reviewed the relevant portions of the record, we conclude that under the circumstances of this case, the trial court abused its discretion in denying the appellant’s motion for release. In addressing the issue of release pending appellate review of a conviction, Florida Rule of Criminal Procedure 3.691 provides in pertinent part:
All persons who have been adjudicated guilty of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles of Younghans v. State, 90 So.2d 308 (Fla.1956), provided that no person may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous.
The trial court concluded- — -and we have no reason to disagree at this point— that the appellant’s appeal is taken in good faith, on grounds fairly debatable, and not frivolous. Where that is the case, a trial court is then charged with considering matters such as the habits of the individual as to respect for the law, his local attachments to the community, the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court if granted bail pending appeal. See Younghans, 90 So.2d at 310. In this regard, the evidence showed that the appellant is in his mid-60’s, has no prior criminal record, and has been a longtime resident of and business owner in Suwannee County. He and his wife, a teacher, have been married for more than 35 years and own 160 acres of real estate in Suwannee County. They have an adult son who works in the family business, as well as grandchildren who also reside in Suwannee County.
The foregoing facts persuasively weigh in favor of granting release pending appeal on reasonable conditions. With respect to his habits as to respect for the law, the appellant is a first-time offender, and when granted pretrial release, he complied with the conditions imposed upon him. He has substantial family, business, and investment attachments to the local community, and he did not receive a particularly lengthy sentence. These factors strongly suggest that the appellant does not constitute a substantial flight risk. Indeed, apart from the fact that he has now been convicted, the only factor cited by the trial court that seems to support the denial of bail pending appeal is its concern with the effect of the appellant’s release on the *984 victim and his family. Although we are sympathetic to this concern, it is at odds with the fact that the appellant was permitted to remain free on pretrial bond and did so for a lengthy period of time without apparent incident. Moreover, the appellant offered to reside with relatives outside of Suwannee County if granted release, and also agreed to submit to continuous GPS monitoring of his whereabouts. These conditions, which are well within the discretion of the trial court to impose, are sufficient to provide a reasonable measure of security to the victim and his wife.
Accordingly, the motion for review is granted, the order denying release is quashed, and this matter is remanded to the trial court with directions that reasonable conditions for release pending appeal be set.
ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.