PER CURIAM.
Randall Petersen files a motion for review following the trial court’s denial of his renewed motion for post-trial release. For the reasons explained below, we grant the motion in part, quash the trial court’s order, and remand for further proceedings consistent with this opinion.

I. Background

Petersen was convicted following a bench trial of one count each of racketeering and money laundering, and sentenced to concurrent terms of eight years’ imprisonment, followed by seven years’ probation. His attorney filed a motion for post-trial release in the trial court, noting that Petersen was on pre-trial release for two years prior to the trial; that he had filed a notice of appeal in good faith; that he had no prior felony convictions and significant-ties to the community; and that the sen *285 tence was not so severe that he would be induced to fail to surrender himself when the appeal is final. The trial court denied the motion on the basis that Petersen had failed to establish that the appeal was “taken in good faith, on grounds fairly debatable, and not frivolous.” Fla. R. Crim. P. 3.691(a). Counsel filed a renewed motion, citing and incorporating the initial brief on the merits filed in this court, and the trial court held a hearing on the renewed motion. At that hearing, .the attorneys argued the merits of each issue presented by the appellant in this appeal.
The trial judge later rendered a written order denying the motion. In the order, the court addressed each of the arguments raised on the merits in turn, and explicated why the trial judge believed that the arguments were unlikely to succeed in this appeal. The trial judge explicitly found two of the appellant’s six issues not to be “fairly debatable,” and appéars to have implicitly made that same finding -with respect to the remaining four issues. Because we find that the trial court appears to have applied the incorrect standard in deciding the appellant’s motion, we do not find it necessary at this juncture to delve into the specific issues raised by the appellant.

II. Discussion

Florida Rule of Criminal Procedure 3.691(a) sets forth the standard for when a motion for post-trial release may be granted. In relevant part, that rule provides:
All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla. 1966), provided that no person may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith; on grounds fairly debatable, and not frivolous.
Fla. R.Crim. P. 3.691(a).[1] “In any case in which the court has the discretion to release the defendant pending review of the conviction and, after the defendant’s conviction, denies release, it shall state in writing its reasons for the denial.” Fla. R.Crim. P. 3.691(b); see also Fla. R.App. P. 9.140(h)(3). Review of orders denying post-trial release is by the appellate court on motion. See Fla. R.Crim. P. 3.691(c); Fla. R.App. P. 9.140(h)(4).'
“Given that post-trial release is a discretionary matter, an appellate court’s review is limited to discerning whether the trial court’s exercise of discretion is arbitrary or capricious.” Baptiste v. State, 134 So.3d 1025, 1026 (Fla. 4th DCA 2012) (citing McGlade v. State, 941 So.2d 1186, 1188 (Fla. 2d DCA 2006)). As outlined in rule 3.691(a), the “threshold question to be determined by the trial court on a motion to set bail pending appeal was whether the appeal is taken in good faith, on grounds not frivolous but fairly debatable.” Boles v. State, 388 So.2d 581 (Fla. 5th DCA 1980) (citing Younghans v. State, 90 So.2d 308 (Fla.1956)).
Several courts of this state have opined on the meaning of “not frivolous but fairly debatable.” In Childers v. State, this court reviewed an order of the trial court which denied a motion for post-trial release on the basis that the appeal was .frivolous, Childers v. State, 847 So.2d 1120 (Fla. 1st DCA 2003). In coming to its conclusion, the trial court reasoned that *286 “the Court would be hypocritical in doing what he did and then say at the same time that there are grounds fairly debatable.” Childers, 847 So.2d at 1120-21. This court found that this standard imposed too high a standard on the defendant, one that was unaligned with that set forth in rule 3.691 and the cases applying and interpreting that rulé. In coming to this conclusion, the court wrote:
Post-trial release is not dependent on whether the appellate issues have been raised before the trial court and rejected. The standard is whether the issues raised are open to debate and involve reasonable -questions.... After all, most issues raised on appeal have been presented to the trial court and rejected.
Childers, 847 So.2d at 1121 (citation omitted). This court cited with approval in Childers, supra, the Fourth District Court of Appeal case Baker v. State, in which that court noted that “[g]ood faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist.” Baker v. State, 213 So.2d 285, 287 (Fla. 4th DCA 1968).
Iñ this particular case, the trial court has gone through each of the defendant’s six issues and provided a lengthy refutation of the issues on them merits. While we are cognizant that rules 3.691(b) and 9.140(h)(3) require that the trial court make detailed findings in orders denying post-trial release, and we do not criticize the court for doing so, in this case the court’s findings speak to the trial court’s perception of whether the appeal will ultimately be meritorious, as opposed to whether the appeal is “taken in good faith, on grounds fairly debatable, and not frivolous.” Fla. R.Crim. P. 3.691(a), Whether or not an appeal has a high probability of success is the incorrect standard. See Boles, 388 So.2d 581, 582-83 (Fla. 5th DCA 1980). As discussed in Younghans, supra,
... if an appeal is' taken “merely for delay, bail should be refused; but, if taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, then petitioners should be admitted to bail.” ... [I]h determining whether an appeal is frivolous and taken only for delay; consideration may be given to “thé character of the case, the trial, and the assignments of errors.” ;
Younghans v. State, 90 So.2d 308, 310 (Fla.1956) (quoting U.S. v. Motlow, 10 F.2d 657, 662 (7th Cir.1926)).
We therefore vacate the trial court’s order and remand this matter for reconsideration of the appellant’s motion for post-trial release with these precepts in mind. Should the trial court again determine that the defendant’s appeal is not “taken in good faith, on grounds fairly debatable, and not frivolous,” the court shall apply the standards articulated in this opinion to its findings. If, however, the trial court finds that this threshold question has been met, then the court shall conduct an analysis of the factors[2] outlined in Younghans, supra, in making its *287 discretionary determination of whether the defendant shall be granted post-trial release. Nothing in this opinion shah be construed as passing upon the merits of this appeal or the movant’s ultimate entitlement to post-trial release.
MOTION GRANTED; ORDER VACATED; REMANDED FOR FURTHER PROCEEDINGS.
WOLF, ROWE, and BILBREY, JJ., concur.

. The rule goes on to provide limitations on when people previously convicted of or charged with a felony may obtain post-trial release, but these are not applicable in this case.

. The court in Younghans stated that "the trial judge might consider (1) the habits of the individual as to respect for the law, (2) his local attachments to the community/by way of family ties, business, or investments, (3) the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court. In a case where the term of imprisonment imposed is short, the trial court might also consider whether the denial of bail would render nugatory the right to appeal from the judgment of conviction. ” Younghans, 90 So.2d at 310.