# Third District Court of Appeal

## State of Florida

Opinion filed June 10, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-1040
Lower Tribunal No. 15-12954

————————————

**Phyllis Robinson,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

Carlos J. Martinez, Public Defender, and Harvey Sepler, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent.

Before WELLS, SALTER and SCALES, JJ.

ON MOTION FOR REVIEW OF DENIAL OF POST-TRIAL RELEASE

SALTER, J.

Phyllis Robinson petitions for a writ of certiorari quashing an order denying her motion for a post-conviction supersedeas bond pending appeal. In the

alternative, she seeks a writ of habeas corpus to procure her release from detention.[1]

Following a jury trial, Ms. Robinson was found guilty of resisting a law enforcement officer without violence[2] and sentenced to 120 days in jail, followed by six months of probation.

Shortly after sentencing, Ms. Robinson filed a motion for supersedeas bond, which was denied without elaboration. This appeal from the conviction and sentence was filed five days later. She then moved this Court to expedite the review of the trial court's denial of her post-conviction supersedeas bond motion. We granted that motion and relinquished jurisdiction for the trial court to enter a written order setting forth the grounds for denying the motion for supersedeas bond.

The trial court then entered the order of denial and Ms. Robinson filed her petition for certiorari or habeas. The State has filed a response. For the reasons explained below, we treat the petition as a motion for review of the order of denial pursuant to Florida Rule of Appellate Procedure 9.140(h)(4). We direct that Ms. Robinson be released pending disposition of her appeal, subject to the conditions of release set forth in Florida Rule of Criminal Procedure 3.691(d).

---

[1] "Review of orders denying post-trial release is by the appellate court on motion." Petersen v. State, 187 So. 3d 283, 285 (Fla. 1st DCA 2016) (citing Fla. R. Crim. P. 3.691(c); Fla. R. App. P. 9.140(h)(4)).

[2] The jury acquitted Ms. Robinson on a charge of resisting a law enforcement officer with violence.

Rule 3.691(a) and Younghans

Rule 3.691(a) and <u>Younghans v. State</u>, 90 So. 2d 308 (Fla. 1956), impose a preliminary condition for post-trial release: the defendant must establish "that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous." This requirement "does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist." <u>Baker v. State</u>, 213 So. 2d 285, 287 (Fla. 4th DCA 1968); also quoted in <u>Petersen v. State</u>, 187 So. 3d 283, 286 (Fla. 1st DCA 2016).

Applying that legal standard to the issues raised by Ms. Robinson, we agree with her counsel that the appeal is not vexatious or frivolous, such that the alleged errors are open to debate and reasonable questions exist. Addressing the other factors to be assessed under Rule 3.691 and <u>Younghans</u>, the overarching concerns are that Ms. Robinson has lived in the community for 40 years with her family, including an infant grandchild, and that her 120-day term of imprisonment will be fully served before her appeal can be considered and determined.[3] Her right to appeal her conviction and sentence will be rendered nugatory absent the relief sought here. See <u>Evans v. State</u>, 863 So. 2d 384, 385 (Fla. 1st DCA 2003). The State does not suggest that Ms. Robinson is a flight risk. <u>Younghans</u>, 90 So. 2d at

---

[3] Her incarcerative sentence is presently scheduled to expire August 20, 2016, with six months of probation to follow.

310. While the trial court denial order points to a conviction 22 years ago for "assault or battery and disorderly conduct," and to an adjudication withheld battery charge from 2010, that record falls short of evidencing a habit of disrespect for the law over her 50 years of life. Id.

Motion for review of order denying post-trial release granted; defendant to be released pending appeal, subject to the conditions of release required by Rule 3.691(d). This decision shall take effect immediately notwithstanding the filing of any motion for rehearing.