# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2018.

_____

No. 3D18-193
Lower Tribunal No. 15-17145

_____

## David Ruiz,
Appellant,

vs.

## The State of Florida,
Appellee.


On Motion for Review from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before SALTER, EMAS and FERNANDEZ, JJ.


## ON MOTION TO REVIEW ORDER DENYING POST-TRIAL RELEASE

EMAS, J.

David Ruiz seeks review of the trial court's order denying his motion for supersedeas bond.[1]  We hold that the trial court abused its discretion in denying the motion for supersedeas bond without proper consideration of the principles established in <u>Younghans v. State</u>, 90 So. 2d 308 (Fla. 1956) and later formalized in Florida Rule of Criminal Procedure 3.691.  We reverse the trial court's order denying bond, and remand with instructions to immediately reconsider Ruiz's motion for supersedeas bond and, if appropriate, to set reasonable conditions of release pending appeal.

Ruiz was arrested in August 2015 and charged with, inter alia, three felonies: two counts of battery on a law enforcement officer and one count of resisting an officer with violence.  Ruiz was released pretrial on bond and remained out of custody on pretrial release without incident for more than two years during the pendency of the prosecution.  Ruiz alleged, without dispute from the State, that during this two-year period he attended court on each occasion his appearance was required and did not violate any conditions of his pretrial release.

On November 28, 2017, following a jury trial, Ruiz was convicted of one count of battery on a law enforcement officer, one count of simple battery, and one

---

[1] We have jurisdiction.  <u>See</u> Fla. R. App. P. 9.140(h)(4) (providing that the district court shall review, upon motion of a party, an order relating to post-trial release of the defendant).  <u>See also</u> Fla. R. Crim. P. 3.691(d) (providing that "[a]n order by a trial court denying bail to a person pursuant to the provisions of subdivision (a) may be reviewed by motion to the appellate court and the motion shall be advanced on the calendar of the appellate court for expeditious review.")

count of resisting an officer with violence. Following the verdict, the trial court permitted Ruiz to remain out of custody and on house arrest pending sentencing, scheduled to be held two months later. While awaiting sentencing, Ruiz appeared in court on three separate occasions as directed, and did not violate any conditions of his post-trial/pre-sentencing release. During this time Ruiz asserts that he also completed an anger management course and attended alcoholics anonymous several times per week.

In advance of the sentencing hearing, Ruiz submitted to a forensic psychological examination. The psychologist noted Ruiz was cooperative, mild-mannered and respectful. At the conclusion of his examination and evaluation, the psychologist indicated that Ruiz presented a low probability of future violence, low probability of serious physical harm, and low risk on both the clinical and future risk management scales.

A sentencing hearing was held on January 25, 2018, where the defense requested a sentence of probation. Judge Stacy Glick sentenced Ruiz to 364 days in the Dade County Jail. In imposing this sentence, the trial judge noted that Ruiz was neither a danger to the community nor likely to reoffend. The trial judge also denied Ruiz's previously-filed motion for new trial, which raised eight separate errors, each of which Ruiz contended warranted a new trial. At the conclusion of the sentencing hearing, Ruiz was taken into custody and the trial court appointed

3

the Office of the Public Defender to represent Ruiz on appeal. The following day, counsel filed a motion for supersedeas bond.

The hearing on the motion for supersedeas bond was held on February 1, 2018. Following that hearing, Judge Glick entered an order denying the motion and adopted, as her basis for so ruling, the contemporaneous oral findings she made at the February 1 hearing. The transcript of that hearing reveals the following findings made by the trial judge as the basis for denying the motion:

> The reason that you're still there [in custody] is because the jury found you guilty. You were facing up to 11 years in state prison. My initial sentence was going to be higher than I gave you 364 [days in jail--] based on the wishes of the officers. [The officers] believe that you should have gotten more. I did not give you the maximum. I didn't even give you close to the max. I gave you 364. You asked me why you're here. I heard the facts of the case and that's why you're here. You were found guilty. At this time I am going to deny the motion for supersedeas bond.

It would appear, from the statements made by the trial judge, that she denied the motion for bond pending appeal for two reasons: (1) the jury found Ruiz guilty; and (2) she already gave Ruiz a "break" by sentencing him to only 364 days in the Dade County Jail, a sentence well below the statutory maximum and less than the sentence requested by the police officers in this case.

We will not belabor the point that neither of these findings serves as a proper basis to deny a motion for bond pending appeal. Indeed, and as Ruiz's motion for review cogently observes, the first "reason" necessarily applies to every single

4

defendant requesting a supersedeas bond. Were they not already found guilty they would not be seeking a bond pending appeal. As to the second "reason," we presume that the trial judge fashioned a sentence she determined to be appropriate given the circumstances of the case and the background of the defendant. There is simply no support for the proposition that, because the trial judge's sentence was below the maximum, or less than that requested by the victim, the defendant received a "break," for which he forfeited any valid consideration of a motion for bond pending appeal.

Rule 3.691 guides the trial court's consideration of a motion for bond pending appeal, and provides in pertinent part:

> **(a) When Authorized.** All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in <u>Younghans v. State</u>, 90 So.2d 308 (Fla.1956), provided that no person may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the person's civil rights have not been restored or if other felony charges are pending against the person and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.

> **(b) Written Findings.** In any case in which the court has the discretion to release the defendant pending review of the conviction and, after the defendant's conviction, denies release, it shall state in writing its reasons for the denial.

5

**(c) Review of Denial.** An order by a trial court denying bail to a person pursuant to the provisions of subdivision (a) may be reviewed by motion to the appellate court and the motion shall be advanced on the calendar of the appellate court for expeditious review.

**(d) Conditions of Release.** If the defendant is released after conviction and on appeal, the condition shall be: (1) the defendant will duly prosecute the appeal; (2) the defendant will surrender himself or herself in execution of the judgment or sentence on its being affirmed or modified or on the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, the defendant will appear in the court to which the cause may be remanded for a new trial, that the defendant will appear in the court to which the cause may be remanded and submit to the orders and process thereof and will not depart the jurisdiction of the court without leave.

**(e) Approval of Bond.** The court shall approve the sufficiency and adequacy of the bond, its security, and sureties, prior to the release of the defendant.

The principles of Younghans, 90 So. 2d at 310, are expressly incorporated into rule 3.691, requiring as a threshold that "the appeal is taken in good faith, on grounds not frivolous but fairly debatable." Id. See also Fla. R. Crim. P. 3.691(a).[2]

The Younghans court further observed:

> Of course, the purpose of bail is to secure the attendance of the accused to answer the charge against him; and if there are circumstances to indicate that the accused will flee and thus evade

---

[2] The State, in its response to the motion for review, does not challenge the proposition that Ruiz has met this relatively low threshold. See, e.g., Robinson v. State, 201 So. 3d 666, 668 (Fla. 3d DCA 2016) (noting that rule 3.691(a)'s requirement that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous "does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist") (quoting Baker v. State, 213 So. 2d 285 (Fla. 4th DCA 1968)).

punishment if his conviction is affirmed, the trial judge may properly exercise his discretion against the allowance of bail.

Id.

Younghans established several factors the trial court should consider in determining whether to grant bond pending appeal:

(1) the habits of the individual as to respect for the law, (2) his local attachments to the community, by way of family ties, business, or investments, (3) the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court.

Id.

Younghans recognized one final and important factor: "[I]n a case where the term of imprisonment imposed is short, the trial court might also consider whether the denial of bail would render nugatory the right to appeal from the judgment of conviction." Id.

The motion filed by Ruiz, and the proffer contained therein (the accuracy of which was not disputed or contradicted by the State), indicates that:

- Given his record of appearances during the two-year pendency of the prosecution, and his abiding by all conditions of his pre-trial release, the trial court itself noted at the sentencing hearing that it "was not worried about you [Ruiz] not showing up for court;"

- Even after his conviction, and during the two months that Ruiz was awaiting his sentence, the trial court permitted Ruiz to remain at liberty on house arrest;

- Ruiz has never previously been convicted of a crime or arrested for a crime;

- Ruiz is a lawful permanent resident of the United States.[3] He completed high school and community college in New York, and then worked as a division manager with a mortgage brokerage firm until the financial collapse in 2008. Ruiz moved to Miami in 2010;

- Ruiz has business ties to the community: he has been employed since moving to Miami in 2010, and was working at Carnival Cruise Lines prior to and following his arrest, which employment continued up until the time he was taken into custody following imposition of sentence;

- Ruiz has family ties in Miami, including his four-year-old daughter who lives in Miami and who relies upon Ruiz for financial support;

- Ruiz was sentenced to 364 days in the Dade County Jail, a sentence which may well be completed before the appeal is concluded, which would render "nugatory the right to appeal from the judgment of conviction." Younghans, 90 So. 2d at 310.

Under these circumstances, and in light of the reasons announced orally by the trial court for its denial of the motion, we hold that the trial court abused its discretion in denying Ruiz's motion for supersedeas bond. We grant Ruiz's motion for review, and reverse the trial court's order denying the motion. The trial court shall, within seven days of this opinion, hold a hearing to reconsider Ruiz's motion for supersedeas bond pursuant to rule 3.691 and the principles established

---

[3] We note that Ruiz is a citizen of Colombia. At the hearing on the motion for supersedeas bond, the State argued that Ruiz's residency status, combined with his now-current status as a sentenced inmate, made Ruiz a flight risk should he be released on bond pending appeal. We note, however, the mere fact that Ruiz is a Colombian citizen who may be subject to deportation at the end of his sentence is not conclusive on whether he presents a flight risk. Dumas v. State, 889 So. 2d 139, 141 (Fla. 4th DCA 2004). We further note Ruiz's counsel represented at the hearing that Ruiz had already surrendered his passport as a condition of remaining out of custody while awaiting sentencing.

in <u>Younghans</u> and, if appropriate, set reasonable conditions for Ruiz's release pending appeal.[4]  <u>See</u> <u>Dumas v. State</u>, 889 So. 2d 139, 141 (Fla. 4th DCA 2004) (reversing and remanding for reconsideration of motion where record fails to show that trial court considered the <u>Younghans</u> factors or that it based its denial of bond on appropriate factors).  This opinion shall take effect immediately, notwithstanding the filing or disposition of any motion for rehearing.

---

[4] If on reconsideration the court denies the motion, it shall enter a written order setting forth the reasons for its denial.  <u>See</u> rule 3.691(b).