# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1244
Lower Tribunal No. F18-24827

————————————

**David Michael Carnright,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Law Offices of Kawass, P.A., and Kristen A. Kawass, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, HENDON and BOKOR, JJ.

ON MOTION TO REVIEW ORDER DENYING POST-TRIAL RELEASE

BOKOR, J.

David Carnright brings an emergency motion seeking review of the trial court's denial of his motion for bond pending appeal, per Florida Rule of Criminal Procedure 3.691.[1]  Carnright alleges that the trial court erred by applying an improper standard in reviewing his motion and that the court's findings justifying the denial were unsupported by the record.  As explained below, after consideration of the relevant legal standard and a review of the record provided, we deny the motion.

## BACKGROUND

A jury convicted Carnright of one count of sexual battery without violence, pursuant to section 794.011(5)(b), Florida Statutes.  The trial court sentenced Carnright to seven years in prison followed by five years of sexual offender probation.  As a result of his conviction, he will also be required to register as a sexual offender.  § 943.0435(1)(h)1., Fla. Stat.

Following his conviction, Carnright moved for release on bond pending his appeal, per Florida Rule of Criminal Procedure 3.691(a).  After a hearing, the trial court entered a written order denying the request for a supersedeas bond.  The court concluded that the Younghans[2] factors weighed against permitting a supersedeas bond.  This motion to review the denial followed.

---

[1]  We have jurisdiction.  Fla. R. Crim. P. 3.691(c); Fla. R. App. P. 9.140(h)(4).
[2]  Younghans v. State, 90 So. 2d 308, 310 (Fla. 1956) (explaining factors to be considered in evaluating whether to grant release pending appeal).

## ANALYSIS

A trial court's authority to grant post-trial release is governed by Rule 3.691(a), which provides in pertinent part:

> A defendant who has been sentenced for the commission of any non-capital offense for which bail is not prohibited under section 903.133, Florida Statutes, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans v. State, 90 So. 2d 308 (Fla. 1956). No defendant may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if the defendant has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the defendant's civil rights have not been restored or if other felony charges are pending against the defendant and probable cause has been found that the defendant has committed the felony or felonies at the time the request for bail is made.

Because the rule expressly incorporates Younghans, in addition to the threshold requirement that "the appeal is taken in good faith, on grounds fairly debatable, and not frivolous," the rule also requires the trial court to consider the three additional Younghans factors:

> Thus, in addition to the question of whether the appeal is taken 'in good faith, on grounds not frivolous but fairly debatable,' the trial judge might consider (1) the habits of the individual as to respect for the law, (2) his local attachments to the community, by way of family ties, business, or investments, (3) the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court.

3

Younghans, 90 So. 2d at 310.

A grant or denial of supersedeas bond is within the trial court's discretion, though that discretion must be exercised within the limitations established by Younghans and Rule 3.691. See Wells v. Wainwright, 260 So. 2d 196, 197 (Fla. 1972) ("Although the action of a trial judge comes to us with great weight and should not be set aside unless it appears he has abused his discretion, nevertheless this 'judicial discretion' is not an arbitrary power. Its meaning contemplates a careful decision arrived at only after a review of all facts and circumstances surrounding the standards, if any, applicable to any pending request."); Kelly v. State, 362 So. 2d 945, 947 (Fla. 1978) ("[T]he granting of bail pending appeal must be exercised within the guidelines established by case law and adopted by court rule."). Accordingly, a trial court's failure to consider the factors required by the rule (incorporating the Younghans factors) is a basis for reversal of a denial of supersedeas bond. See Dumas v. State, 889 So. 2d 139, 141 (Fla. 4th DCA 2004); Coolley v. State, 720 So. 2d 598, 599 (Fla. 2d DCA 1998).

Here, Carnright makes two arguments as to why the trial court abused its discretion by denying his motion for post-trial bond. First, he claims that the court erroneously applied a higher standard than is required by Rule 3.691(a) by basing its decision on the merits of the appeal as opposed to

4

whether the appeal was "taken in good faith, on grounds fairly debatable, and not frivolous." Specifically, in both the hearing and in the denial order, the court repeatedly commented on the merits of Carnright's anticipated appellate arguments, making clear that the court "does not believe that reversible error was committed at trial or that an appeal is meritorious."

The term "good faith, on grounds fairly debatable, and not frivolous" doesn't require a prognostication of the ultimate outcome of the appeal. See Baker v. State, 213 So. 2d 285, 287 (Fla. 4th DCA 1968) ("Good faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist."); Petersen v. State, 187 So. 3d 283, 286 (Fla. 1st DCA 2016) ("Whether or not an appeal has a high probability of success is the incorrect standard."). Although we give great discretion to the weight given by the trial court to each applicable factor, the court abuses its discretion when it fails to weigh each factor utilizing the correct legal framework. See Petersen, 187 So. 3d at 286; Boles v. State, 388 So. 2d 581, 582–83 (Fla. 5th DCA 1980) (remanding denial of supersedeas bond where trial court improperly framed good-faith element as requiring appeal to be "very likely to succeed," which "imposes a greater burden upon a defendant than is required by law").

The trial court correctly acknowledged that the good-faith requirement establishes a "relatively low threshold," Ruiz v. State, 238 So. 3d 880, 883 n.2 (Fla. 3d DCA 2018), and concluded that "the issues Defendant's appellate counsel has represented will be raised on appeal appear to be raised in good faith and do not appear to be frivolous." However, the trial court footnotes that conclusion and "notes that the purported errors at trial claimed by Defendant do not constitute 'grounds fairly debatable" as any testimony of previous statements . . . were either excluded or allowed pursuant to the Florida Rules of Evidence." The trial court further notes, without explanation, that "[b]oth Ruiz and Robinson are factually distinguishable from the instant case." The trial court offers no explanation as to how it determined the appeal to be both "not frivolous" but also not on "grounds fairly debatable" without making an impermissible conclusion as to the ultimate merits of the appeal.

While the trial court misapplied the threshold factor, and subsequently made this analysis more difficult than necessary by repeatedly interjecting the court's views on the merits of the appeal, we note that the trial court didn't stop at the threshold factor. Instead, the court analyzed all Younghans factors and found they all weighed against release. Accordingly, while a close call, we cannot conclude that the trial court's incorrect or conclusory

statements of law impacted the ultimate analysis where, as here, the trial court found all factors weighed against release.[3]

We then analyze the trial court's findings for abuse of discretion. Carnright claims that the court abused its discretion in weighing the Younghans factors regarding the severity of the sentence and his flight risk. He alleges that the court's conclusion that his sentence was "severe" amounted to improperly basing the denial of bond on the conviction itself, which cannot support such denial on its own.  See id. at 882 (reversing denial of supersedeas bond based only on the facts that the defendant was found guilty and received a light sentence); Evans v. State, 863 So. 2d 384, 385 (Fla. 1st DCA 2003) ("Here, the trial court made no finding that appellant is likely to flee, and the only circumstance noted by it was the fact that appellant has now been convicted and sentenced.  However, this fact does not

_____

[3] We recognize that trial courts often conduct hearings in a fast-paced setting, and compliance with the law doesn't mean a court can't, to some extent, think through an issue.  But here, the trial court repeatedly and without prompting noted on the record that the appeal would ultimately prove unsuccessful, even including such irrelevant analysis in the order on review. Accordingly, while we do not second guess the trial court's weighing of the factors, as explained below, we caution the trial court against this type of extraneous and repeated analysis of the ultimate merits of the appeal (other than the threshold analysis required by Rule 3.691(a) and Younghans).

distinguish him in any way from any other defendant seeking post-trial release pending appeal of his or her judgment and sentence.").

An abuse of discretion occurs only where the trial court's conclusion is arbitrary or unreasonable, such that no reasonable person would take the same position. See, e.g., Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). Here, the trial court found that the relative severity of the sentence, the loss of his career, and the prospect of being labelled a sex offender, taken in conjunction, created a significant incentive for Carnright to remove himself from the jurisdiction if allowed on post-trial release. We decline to second-guess the trial court's analysis on any of these issues individually or taken in conjunction. Reasonable jurists may differ. See, e.g., Lundy v. State, 995 So. 2d 982, 983 (Fla. 1st DCA 2007) (granting motion for review of denial of supersedeas bond, noting, among other factors, that a six-year sentence [one year less than Carnright's] was not "particularly lengthy"). However, looking at the facts present here, we cannot say that no reasonable jurist would weigh the factors in the same manner as the trial court. See Baker v. Myers Tractor Servs., Inc., 765 So. 2d 149, 150 (Fla. 1st DCA 2000) ("[U]nder an abuse of discretion standard of review . . . 'to justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not

8

merely that the court, or another fact-finder, might have made a different factual determination.'" (quoting in part Mercer v. Raine, 443 So. 2d 944, 946 (Fla.1983))).  We therefore deny the motion for relief under Rule 3.691.