# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2255
Lower Tribunal No. F22-12039
_____

**Jorge Alberto Torolopez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Carlos J. Martinez, Public Defender, and Amy Lynn Weber, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina Lauren Dominguez, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

ON MOTION TO REVIEW ORDER DENYING POST-TRIAL RELEASE

BOKOR, J.

Jorge Torolopez brings this emergency motion under Florida Rule of Criminal Procedure 3.691 seeking review of the trial court's denial of supersedeas bond following his convictions for aggravated assault and battery. Upon careful review, we conclude that the trial court did not properly consider the factors outlined in Rule 3.691 and Younghans v. State, 90 So. 2d 308 (Fla. 1956).

Following a jury trial, Torolopez was convicted of one count each of aggravated battery, aggravated assault, and improper exhibition of a weapon. He was sentenced to five years in prison followed by three years of probation. Prior to trial, he had been released on bail for over a year without violating any conditions of his pre-trial release. He also had no prior criminal record.

In denying post-trial release, the trial court acknowledged the applicability of Younghans and Rule 3.691(a), which require the court to consider the following factors:

> (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether the defendant would remove himself from the jurisdiction of the court.

Wells v. Wainwright, 260 So. 2d 196, 197 (Fla. 1972).

A trial court's decision to grant or deny a supersedeas bond is discretionary, but "must be exercised within the guidelines established by case law and adopted by court rule." Kelly v. State, 362 So. 2d 945, 947 (Fla. 1978). "In any case in which the court has the discretion to release the defendant pending review of the conviction and, after the defendant's conviction, denies release, it shall state in writing its reasons for the denial." Fla. R. Crim. P. 3.691(b). A trial judge fails to satisfy this requirement by "merely making conclusory findings unsupported by the record" or giving a "'mere verbatim recital of the considerations of Younghans.'" Baptiste v. State, 134 So. 3d 1025, 1026 (Fla. 4th DCA 2012) (quoting in part McCormack v. State, 338 So. 2d 208, 209 (Fla. 4th DCA 1975)). Here, the trial court's conclusory findings were insufficient to satisfy Rule 3.691(b), and the reasons given by the court do not independently suffice as a basis for denial. The trial court's discretion must be based on the record evidence and permissible inferences, after a full examination of the Younghans factors. See Carnright v. State, 47 Fla L. Weekly D1782, at *2 (Fla. 3d DCA Aug. 24, 2022) ("A grant or denial of supersedeas bond is within the trial court's discretion, though that discretion must be exercised within the limitations established by Younghans and Rule 3.691.").

First, the mere facts that Torolopez immigrated from Cuba, possessed Cuban citizenship, and was now sentenced to prison provide an insufficient basis, without more, to conclude that Torolopez presents a flight risk. See Dumas v. State, 889 So. 2d 139, 141 (Fla. 4th DCA 2004) ("[T]he fact that appellant is a Canadian citizen who may be subject to deportation at the end of his sentence is not conclusive on whether he presents a flight risk."); Ruiz v. State, 238 So. 3d 880, 884 n.3 (Fla. 3d DCA 2018) (citing to Dumas, and explaining that "the mere fact that Ruiz is a Colombian citizen who may be subject to deportation at the end of his sentence is not conclusive on whether he presents a flight risk"). The trial court noted Torolopez's Cuban citizenship and concluded that "there is a potential to [flee, based on] the simple fact that he is going to be facing state prison time." Such a conclusory analysis ignores the record evidence regarding Torolopez's connection to the community—his immediate and extended family is here, including his wife and a special needs minor child for which he is the main provider.

Second, while the trial court noted Torolopez's habits regarding respect for the law, the trial court erred in considering as a relevant or mitigating factor that the five-year term of incarceration was significantly less than the 20-year maximum sentence. This court previously noted that "[t]here is simply no support for the proposition that, because the trial judge's

4

sentence was below the maximum . . . the defendant received a 'break,' for which he forfeited any valid consideration of a motion for bond pending appeal." Ruiz, 238 So. 3d at 882. Thus, while the trial court must consider the severity of the sentence rendered, it should not consider the severity of the sentence that could have been imposed, and it must also consider the habits regarding respect for the law as a separate factor.

Third, the trial court erred in analyzing the merits of the appeal and concluding that the appeal would be unsuccessful on one ground (while concluding it would likely be successful on another ground that likely would not alter the conviction and sentence on the main charge). As we have explained:

> The term "good faith, on grounds fairly debatable, and not frivolous" doesn't require a prognostication of the ultimate outcome of the appeal. See Baker v. State, 213 So. 2d 285, 287 (Fla. 4th DCA 1968) ("Good faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist."); Petersen v. State, 187 So. 3d 283, 286 (Fla. 1st DCA 2016) ("Whether or not an appeal has a high probability of success is the incorrect standard."). Although we give great discretion to the weight given by the trial court to each applicable factor, the court abuses its discretion when it fails to weigh each factor utilizing the correct legal framework. See Petersen, 187 So. 3d at 286; Boles v. State, 388 So. 2d 581, 582–83 (Fla. 5th DCA 1980) (remanding denial of supersedeas bond where trial court improperly framed good-faith element as requiring appeal to be "very likely to succeed," which "imposes a greater burden upon a defendant than is required by law").

5

> The trial court correctly acknowledged that the good-faith requirement establishes a "relatively low threshold," <u>Ruiz v. State</u>, 238 So. 3d 880, 883 n.2 (Fla. 3d DCA 2018), and concluded that "the issues Defendant's appellate counsel has represented will be raised on appeal appear to be raised in good faith and do not appear to be frivolous." However, the trial court footnotes that conclusion and "notes that the purported errors at trial claimed by Defendant do not constitute 'grounds fairly debatable" as any testimony of previous statements . . . were either excluded or allowed pursuant to the Florida Rules of Evidence." The trial court further notes, without explanation, that "[b]oth <u>Ruiz</u> and <u>Robinson</u> are factually distinguishable from the instant case." The trial court offers no explanation as to how it determined the appeal to be both "not frivolous" but also not on "grounds fairly debatable" without making an impermissible conclusion as to the ultimate merits of the appeal.

<u>Carnright</u>, 47 Fla L. Weekly D1782, at *2. Here, the trial court properly concluded that the appeal was in good faith and not frivolous. The fact that Torolopez can make a colorable argument, even if it is ultimately unsuccessful as to one portion of the appeal, renders the merits of the appeal "fairly debatable" under the <u>Younghans</u> test.

We therefore grant Torolopez's emergency motion and remand for the trial court to hold a new hearing to reconsider his motion for supersedeas bond in accordance with <u>Younghans</u> and Rule 3.691(b). This hearing shall be conducted within 7 days of the effective date of this opinion. This opinion shall take effect immediately, notwithstanding the filing or disposition of any motion for rehearing.

6

Motion granted; remanded for rehearing.